RECEIPT # 57056
AMOUNT $ 150
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. m
DATE 7-7-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUL -7 P 2: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

STEVEN R. KINCAID,                          )
                                            )
                 Plaintiff,                 )
                                            )
        vs.                                 )        Civil Action No.
                                            )
                                            )
BANK OF AMERICA CORPORATION,                )        COMPLAINT AND JURY
                                            )        DEMAND
                 Defendant.                 )
                                            )

04 cv 11522 JLT

MAGISTRATE JUDGE Cohen

**NATURE OF THE ACTION**

1.      This is an employment termination action brought under the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.* (ADEA)

for unlawful discrimination and retaliation; and for wrongful discharge in violation of

public policy and breach of the implied covenant of good faith and fair dealing under

state law.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiff's federal law claims under 28

U.S.C. §1331 and supplemental jurisdiction over Plaintiff's pendant state law claims

under 28 U.S.C. §1367(a).

3.      Plaintiff has complied with all conditions precedent to the filing of this

action:

a.    On July 25, 2003, Plaintiff filed a timely charge of employment discrimination on the bases of age and retaliation with the Equal Employment Opportunity Commission (EEOC).

b.    On April 8, 2004, Plaintiff received a Notice of Right to Sue issued by the EEOC.

c.    This complaint is filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

4.    Plaintiff resides, and Defendant maintains offices and conducts substantial business, within the District of Massachusetts.  Venue therefore is proper in this District under 28 U.S.C. §§1391(b) and (c).

## PARTIES

5.    Plaintiff Steven R. Kincaid is a citizen of the United States and resides at 8 Towne Lane, Topsfield, Massachusetts.

6.    Plaintiff's date of birth is July 19, 1953.

7.    At all times relevant to this action, Plaintiff was and is a member of the class of persons protected by the ADEA.

8.    Upon information and belief, Defendant Bank of America Corporation is a Delaware corporation with its principal place of business located at 201 North Tryon Street, Charlotte, North Carolina.

9.    Upon information and belief, Defendant owns and operates more than 250 banking centers and more than 1290 automated teller machines (ATMs) within the District of Massachusetts.

10.    Defendant is engaged in an industry affecting commerce.

2

11.    Defendant employs twenty (20) or more employees.

12.    Defendant is an employer within the meaning of §11(b) of the ADEA, 29 U.S.C. §630(b).

## FACTS

13.    In and before 2002, Plaintiff operated a consulting business located at 11 Carleton Circle, Boxford, Massachusetts, where Plaintiff also resided.

14.    In or around the spring of 2002, a management recruiting firm contacted Plaintiff at his Massachusetts office/residence for the purpose of recruiting Plaintiff for employment with Defendant.

15.    Thereafter, the recruiter and representatives of Defendant interviewed Plaintiff in telephone conferences placed to Plaintiff's office/residence in Massachusetts. Defendant also paid for Plaintiff to travel to North Carolina for in-person interviews.

16.    In or around July 2002, Defendant offered Plaintiff a position as Vice President, Market Information Manager in Charlotte, North Carolina. The offer was extended through a telephone call placed to Plaintiff's office/residence in Massachusetts and confirmed in a letter sent to Plaintiff in Massachusetts.

17.    In seeking to persuade Plaintiff to relocate from Massachusetts to North Carolina and thereby obtain for itself a statistical analysis methodology Plaintiff had developed, Defendant promised Plaintiff long-term employment and fair treatment free of unlawful discrimination.

18.    The recruiter asked Plaintiff if he would be comfortable reporting to someone with less experience.

19.    Defendant advised Plaintiff he would have three primary projects: to develop a definition of customer loyalty, to develop a statistical driver monograph, and to develop a means of valuing loyalty.

20.    Defendant promised to continue to employ Plaintiff in a position commensurate with his experience and background once the primary projects were completed.

21.    In reliance on Defendant's promises, Plaintiff relocated to North Carolina and commenced employment with Defendant on or about August 20, 2002.

22.    Plaintiff's area of expertise was and is the design and overhaul of methodology used to perform statistical analyses. Plaintiff's first assignment after commencing employment with Defendant was to create a statistical driver monograph detailing this methodology.

23.    Plaintiff's immediate supervisor was Sheila Burroughs (Burroughs). Upon information and belief, during the time Plaintiff was employed by Defendant, Ms. Burroughs was approximately 33 years old.

24.    Burroughs and other management directed Plaintiff to write the monograph "as if he would be hit by a bus" as soon as it was completed.

25.    Plaintiff began writing the monograph and working on the definition of loyalty project soon after beginning his employment with Defendant.

26.    Plaintiff completed the monograph in or around January 2003.

27.    Between Plaintiff's date of hire and the date on which he completed the monograph, Burroughs praised Plaintiff's work performance as excellent and did not, on any occasion, criticize any substantive aspect of Plaintiff's performance.

4

28.    After completing the monograph, and performing substantial work on the loyalty definition project, and after Defendant had obtained the benefit of Plaintiff's years of experience, knowledge, and expertise, Burroughs' approach to Plaintiff and his work performance changed dramatically.

29.    Burroughs began harassing Plaintiff and giving him conflicting instructions in an effort to ensure that Plaintiff would be unable to meet his 2003 performance goals. For example:

a.    Burroughs delayed release of the statistical driver monograph for more than ten weeks after its completion, thus preventing Plaintiff from demonstrating his leadership and consulting skills on the main project in which he was engaged.

b.    Burroughs ordered Plaintiff not to attempt to lead the loyalty valuation work, then improperly criticized him for not showing "ability to lead the valuation topic."

c.    Burroughs ignored or rejected Plaintiff's suggestions relating to, for example, scales in measurement and customer satisfaction surveys, then improperly criticized him for failing to exhibit and communicate strategic thinking.

d.    Burroughs ordered Plaintiff not to engage other financial staff in the definition of loyalty project, saying she wished to do so herself. She failed to follow through at all, making it impossible for Plaintiff to complete the project.    Burroughs then criticized Plaintiff for not concluding the project.

     e.     When Plaintiff requested time off to attend his grandmother's funeral in Oklahoma, Burroughs set an arbitrary deadline for a small work project and made it clear that he would not be able to complete the work on time if he attended the funeral.

30.     Upon information and belief, Plaintiff was the oldest employee, and most highly compensated employee at his level, in his department.

31.     Upon information and belief, Defendant, having obtained Plaintiff's unique methodology, began harassing Plaintiff in an attempt to force him to resign and thereby rid itself of an older, highly compensated employee.

32.     Upon information and belief, Defendant's treatment of Plaintiff was consistent with its pattern of forcing the resignations of other employees in the protected age group.

33.     Upon information and belief, Defendant had a practice of firing older workers to manipulate earning results and to avoid the severance payments and financial accountability that would accompany layoffs.

34.     By letter dated April 25, 2003, Plaintiff, through his counsel, registered a written discrimination complaint with J. Steele Alphin, Corporate Personnel Executive for Defendant.

35.     By letter dated April 30, 2003, Eric A. Montgomery, Assistant General Counsel for Defendant, acknowledged receipt of Plaintiff's complaint and advised, "We are investigating the facts and circumstances of your client's claim and will respond to your letter shortly."

36.     Defendant never responded to Plaintiff's complaint. Upon information and belief, Defendant did not conduct any investigation into Plaintiff's discrimination claims.

37.     Instead, Defendant terminated Plaintiff's employment, without notice or cause, on June 13, 2003. Upon information and belief, Defendant retained younger, less qualified similarly situated employees who had not complained of discrimination.

38.     Upon information and belief, Defendant harassed and discharged Plaintiff because of Plaintiff's age, in retaliation for Plaintiff's complaint of unlawful discrimination, in violation of public policy, and in violation of the implied covenant of good faith and fair dealing.

39.     In engaging in the acts described above, Defendant acted knowingly, willfully, and maliciously.

40.     As a result of Defendant's acts as described above, Plaintiff has suffered damage, including without limitation: termination of employment; deprivation of income and benefits; loss of future earning capacity; loss of future income and benefits; damage to career and reputation; and pain and suffering, emotional distress, and mental anguish.

**COUNT ONE**
**AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. §621 *ET SEQ*.**

41.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40 above as if fully set forth herein.

42.     Defendant harassed Plaintiff and terminated Plaintiff's employment because of Plaintiff's age.

7

43.     Defendant's termination of Plaintiff because of his age violated §4(a)(1) of the ADEA, 29 U.S.C. §623(a)(1).

44.     Defendant's discrimination against Plaintiff was willful and undertaken with malice and reckless indifference to Plaintiff's federally protected rights.

45.     As a result of Defendant's unlawful acts, Plaintiff has been damaged as described above.

## COUNT TWO
## RETALIATION IN VIOLATION OF 29 U.S.C. §623(d)

46.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45 above as if fully set forth herein.

47.     Defendant harassed Plaintiff and terminated Plaintiff's employment because Plaintiff opposed Defendant's discriminatory practices and because of Plaintiff's assertion of his rights under the ADEA, in violation of §4(d) of the ADEA, 29 U.S.C. §623(d).

48.     As a result of Defendant's unlawful acts, Plaintiff has been damaged as described above.

## COUNT THREE
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

49.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

50.     Defendant's harassment of Plaintiff and termination of Plaintiff's employment violated public policy as set forth in the North Carolina Equal Employment

Practices Act, Ch. 143, Secs.143-422.1 through 143-422.3 of the North Carolina General Statutes, and in the North Carolina Retaliatory Employment Discrimination Law, Ch. 95, Sec. 95-240 through 95-245 of the North Carolina General Statutes.

51.   As a result of Defendant's unlawful acts, Plaintiff has been damaged as described above.


## COUNT FOUR
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

52.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 51 above as if fully set forth herein.

53.   Defendant's acts as described above breached the implied covenant of good faith and fair dealing that existed in Plaintiff's at-will employment contact.

54.   As a result of Defendant's unlawful acts, Plaintiff has been damaged as described above.


**WHEREFORE,** Plaintiff respectfully requests that the Court award the following relief:

1)   Judgment declaring that Defendant's acts violated Plaintiff's rights as secured by applicable federal and state laws;

2)   Damages to make Plaintiff whole, including but not limited to back pay with interest, adjusted for any increase Plaintiff would have received had he not been unlawfully terminated;  reimbursement of Plaintiff's lost benefits and replacement costs; and reimbursement for medical, relocation, and other costs

resulting from Plaintiff's termination, all in an amount to be determined at trial;

3) Front pay in lieu of reinstatement;

4) Compensatory damages, including but not limited to emotional distress, pain and suffering, and mental anguish; and relocation, job search, business development, and other damages incurred by Plaintiff as a result of his unlawful termination.

5) Punitive damages in an amount not less than $5,000,000;

6) Liquidated damages for Defendant's willful violation of the ADEA;

7) Attorneys' fees, interest, costs, and disbursements; and

8) Such other relief as the Court deems just and proper.

## PLAINTIFF REQUESTS TRIAL BY JURY

Plaintiff,
STEVEN R. KINCAID
By his attorneys,

_John B. Harkavy_

John B. Harkavy, Esquire, BBO No. 541900
BERNKOPF GOODMAN LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:     (617) 790-3000
Facsimile:      (617) 790-3300

Of Counsel:
DEBORAH MARTIN NORCROSS, ESQ.
60 Marion Road West
Princeton, New Jersey 08540
Telephone:     (609) 279-0191
Facsimile:      (609) 279-0526
(Motion for Admission Pro Hac Vice to be Filed)
#294004 v1/99999/1

Dated: July 6, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Steven R. Kincaid

**DEFENDANTS**

2004 JUL -7 P 2: 36
Bank of America Corporation

U.S. DISTRICT COURT

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed DISTRICT OF MASS.
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

John Harkavy, Esq.    Bernkopf Goodman LLP
125 Summer Str., 13th Fl., Boston MA 02110    617-790-3000
Deborah Martin Norcross, Esq.
60 Marion Rd. West, Princeton, NJ 08540    609-279-0191

Attorneys (If Known)

04 CV 11522 JLT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability   ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws |  | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other |  | Exchange |
| ☐ 153 Recovery of Overpayment | Liability   ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability   ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury   Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | & Disclosure Act |  | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   Habeas Corpus: |  | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations   ☐ 530 General | ☒ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights   ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
|  | ☐ 550 Civil Rights | Security Act |  | ☐ 890 Other Statutory Actions |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Age Discrimination in Employment Act of 1967 for unlawful discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  To be determined

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
July 7, 2004

SIGNATURE OF ATTORNEY OF RECORD
John Harkavy

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.    Title of case (name of first party on each side only)  Steven R. Kincaid vs. Bank of America Corporation

2.    Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
      local rule 40.1(a)(1)).

      [ ]    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

      [XXX]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 900.       for patent, trademark or copyright cases

      [ ]    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                   380, 385, 450, 891.

      [ ]    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                   690, 810, 861-865, 870, 871, 875, 900.

      [ ]    V.    150, 152, 153.

      04 cv 11522 JLT

3.    Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
      this district please indicate the title and number of the first filed case in this court.

            None

4.    Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                          YES [ ]      NO [XXX]

5.    Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
      28 USC §2403)

                                                          YES [ ]      NO [XXX]

      If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                          YES [ ]      NO [ ]

6.    Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                          YES [ ]      NO [XXX]

7.    Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
      Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
      40.1(d)).

                                                          YES [ ]      NO [XXX]

      A.    If yes, in which division do all of the non-governmental parties reside?

            Eastern Division [ ]      Central Division [ ]      Western Division [ ]

      B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
            agencies, residing in Massachusetts reside?

            Eastern Division [XXX]    Central Division [ ]      Western Division [ ]

8.    If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
      yes, submit a separate sheet identifying the motions)

                                                          YES [ ]      NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    John Harkavy

ADDRESS    125 Summer Str., 13th Fl. Boston, MA 02110

TELEPHONE NO.    617-790-3000

(Coversheetlocal.wpd - 10/17/02)