UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
NO. 04 CV 11522 (JLT)

| | |
|---|---|
| STEVEN R. KINCAID,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

04cv11522WGY

## ANSWER OF DEFENDANT
## BANK OF AMERICA CORPORATION

COMES NOW Defendant Bank of America Corporation ("Bank of America" or "Defendant"), by and through the undersigned counsel, and responds to Plaintiff's Complaint in this action as follows:

1. It is admitted that Plaintiff brings claims pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.* (ADEA) and claims for wrongful discharge in violation of public policy and breach of the implied covenant of good faith and fair dealing pursuant to state law. Bank of America denies that there is any validity to any of Plaintiff's claims brought pursuant to these laws, or that Plaintiff is entitled to any of the relief he seeks. Except as expressly admitted herein, the remaining allegations contained in Paragraph 1 of the Complaint are denied.

2. The allegations contained in Paragraph 2 of the Complaint call for a legal conclusion and, therefore, no response is required.

3. It is admitted Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Bank of America is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 of the Complaint, and, therefore, denies same.

4. Upon information and belief, it is admitted that Plaintiff resides within the District of Massachusetts. Except as expressly admitted herein, the remaining allegations contained in Paragraph 4 of the Complaint are denied.

5. Upon information and belief, the allegations in Paragraph 5 of the Complaint are admitted.

6. Upon information and belief, the allegations in Paragraph 6 of the Complaint are admitted.

7. Upon information and belief, the allegations in Paragraph 7 of the Complaint are admitted.

8. It is admitted that Defendant is a Delaware corporation with its principal place of business in Charlotte, North Carolina. Except as expressly admitted herein, the remaining allegations in Paragraph 8 of the Complaint are denied.

9. The allegations contained in Paragraph 9 of the Complaint are denied.

10. The allegations contained in Paragraph 10 of the Complaint are admitted.

11. The allegations contained in Paragraph 11 of the Complaint are admitted.

12. The allegations contained in Paragraph 12 of the Complaint are admitted.

13. Bank of America is without sufficient information to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 13 of the Complaint, and, therefore, denies same.

PRV_679063_1/GKOSTAKOS

14. Upon information and belief, it is admitted that in or around the spring of 2002, a management recruiting firm contacted Plaintiff. Bank of America is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 14 of the Complaint, and, therefore, denies same.

15. It is admitted that the recruiter and representatives of Bank of America interviewed Plaintiff in telephone conferences. Bank of America is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 of the Complaint, and, therefore, denies same.

16. It is admitted that in or around July 2002, Bank of America offered Plaintiff a position as Vice President, Market Information Manager in Charlotte, North Carolina. Upon information and belief, it is admitted that Plaintiff's offer of employment was extended in a letter sent to Plaintiff in Massachusetts. Bank of America is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 of the Complaint, and, therefore, denies same.

17. The allegations contained in Paragraph 17 of the Complaint are denied.

18. Bank of America is without sufficient information to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 18 of the Complaint, and, therefore, denies same.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. It is admitted that Plaintiff relocated to North Carolina and commenced employment with Bank of America on or about August 20, 2002. Except as expressly admitted herein, the remaining allegations in Paragraph 21 of the Complaint are denied.

22. Bank of America is without sufficient information to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 22 of the Complaint, and, therefore, denies same.

23. It is admitted that Plaintiff's immediate supervisor was Sheila Burroughs. Except as expressly admitted herein, the remaining allegations in Paragraph 23 of the Complaint are denied.

24. Upon information and belief, the allegations contained in Paragraph 24 of the Complaint are admitted.

25. Upon information and belief, the allegations contained in Paragraph 25 of the Complaint are admitted.

26. Bank of America is without sufficient information to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 26 of the Complaint, and, therefore, denies same.

27. The allegations contained in Paragraph 27 of the Complaint are denied.

28. The allegations contained in Paragraph 28 of the Complaint are denied.

29. The allegations contained in Paragraph 29 of the Complaint, and each subparagraph thereunder, are denied.

30. The allegations contained in Paragraph 30 of the Complaint are denied.

31. The allegations contained in Paragraph 31 of the Complaint are denied.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

33. The allegations contained in Paragraph 33 of the Complaint are denied.

34. It is admitted that Plaintiff sent a letter dated April 25, 2003, to J. Steele Alphin, Corporate Personnel Executive for Bank of America. Except as expressly

admitted herein, the remaining allegations contained in Paragraph 34 of the Complaint are denied.

35. The allegations contained in Paragraph 35 of the Complaint are admitted.

36. The allegations contained in Paragraph 36 of the Complaint are denied.

37. The allegations contained in Paragraph 37 of the Complaint are denied.

38. The allegations contained in Paragraph 38 of the Complaint are denied.

39. The allegations contained in Paragraph 39 of the Complaint are denied.

40. The allegations contained in Paragraph 40 of the Complaint are denied.

## COUNT ONE
## AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. §621 ET SEQ.

41. Defendant incorporates by reference its responses to Paragraphs 1 through 40 of the Complaint.

42. The allegations contained in Paragraph 42 of the Complaint are denied.

43. The allegations contained in Paragraph 43 of the Complaint are denied.

44. The allegations contained in Paragraph 44 of the Complaint are denied.

45. The allegations contained in Paragraph 45 of the Complaint are denied.

## COUNT TWO
## RETALIATION IN VIOLATION OF 29 U.S.C. §623(d)

46. Defendant incorporates by reference its responses to Paragraphs 1 through 45 of the Complaint.

47. The allegations contained in Paragraph 47 of the Complaint are denied.

48. The allegations contained in Paragraph 48 of the Complaint are denied.

- 5 -

PRV_679063_1/GKOSTAKOS

## COUNT THREE
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

49. Defendant incorporates by reference its responses to Paragraphs 1 through 48 of the Complaint.

50. The allegations contained in Paragraph 50 of the Complaint are denied.

51. The allegations contained in Paragraph 51 of the Complaint are denied.

## COUNT FOUR
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

52. Defendant incorporates by reference its responses to Paragraphs 1 through 51 of the Complaint.

53. The allegations contained in Paragraph 53 of the Complaint are denied.

54. The allegations contained in Paragraph 54 of the Complaint are denied.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims under the ADEA are barred by the applicable statutes of limitation.

### THIRD DEFENSE

Plaintiff has otherwise failed to meet the statutory prerequisites to this action and thus his claims are barred.

### FOURTH DEFENSE

All actions taken regarding the Plaintiff were taken, made and done in good faith.

## FIFTH DEFENSE

Defendants deny all other allegations of the Complaint not specifically admitted or otherwise responded to herein.

WHEREFORE, Defendant prays that the Plaintiff have and recover nothing; that this action be dismissed with prejudice; and that Defendant have and recover from the Plaintiff its court costs and litigation expenses, including reasonable attorneys' fees; and that the Court grant such other and further relief as is just and proper.

Respectfully submitted, this the 13th day of September 2004.

George P. Kostakos (Bar No. 557919)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
Phone: 404.528.5864
Fax:    401.276.6611

**Attorneys for Bank of America, N.A.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "ANSWER OF DEFENDANT BANK OF AMERICA CORPORATION" has been served by first-class mail, postage prepaid, upon the attorney for the Plaintiff at the address listed below:

> John B. Harkavy, Esq.
> Bernkopf Goodman LLP
> 125 Summer Street, Suite 1300
> Boston, Massachusetts 02110
>
> Deborah Martin Norcross, Esq.
> 60 Marion Road West
> Princeton, New Jersey 08540

This the 13th day of September, 2004.

*/s/ George P. Kostakos*
George P. Kostakos