UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
NO. 04 CV 11522 (JLT)

| | |
|---|---|
| STEVEN R. KINCAID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANK OF AMERICA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

04 cv 11522 WGY

## DEFENDANT'S MEMORANDUM IN SUPPORT
## OF MOTION TO TRANSFER VENUE

### INTRODUCTION

Plaintiff Steven R. Kincaid ("Plaintiff") began working for Bank of America Corporation ("Bank of America" or "Bank") on or about August 20, 2002, as a Vice President, Market Information Manager in Charlotte, North Carolina. Plaintiff asserts that he was a resident of Massachusetts prior to accepting employment with Bank of America and that he is currently a resident of Topsfield, Massachusetts.

Plaintiff commenced this action in United States District Court for the District of Massachusetts. Plaintiff alleges that Defendant terminated him on the basis of his age in violation of 29 U.S.C. § 621 et seq. and 29 U.S.C. § 623(d). He also alleges that his discharge was in violation of North Carolina public policy and constituted a breach of the implied covenant of good faith and fair dealing. Defendant seeks to have this action transferred to the United States District Court for the Western District of North Carolina.

## STATEMENT OF FACTS

Bank of America is a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business in Charlotte, North Carolina. (Complaint ¶ 8). In January 2001, Bank of America sought to fill a Market Information Manager position in its Customer Analysis Modeling & Research ("CAMR") group in Charlotte. (Ex. A, ¶ 4[1]). To that end, Bank of America enlisted the services of Management Recruiters International ("MRI"), a management recruiting firm in Austin, Texas. (Ex. A, ¶ 4). In or around the spring of 2002, MRI contacted Plaintiff in Massachusetts regarding potential employment with Bank of America. (Complaint, ¶ 14). After Plaintiff expressed interest in the position, a Bank of America recruiter, Kimela Heenan, contacted Plaintiff via telephone. (Complaint, ¶ 15)[2], (Ex. A, ¶ 5). Plaintiff then came to Charlotte, North Carolina, where he met with additional Bank of America employees for further interviews. (Complaint, ¶ 15),(Ex. A, ¶ 5).

In July 2002, Plaintiff was offered the position as Vice President, Market Information Manager and began working with Bank of America on or about August 20, 2002. (Complaint, ¶ 16, 21). At all times during his employment, Plaintiff worked in Bank of America's Charlotte, North Carolina, offices. (Ex. A, ¶ 7). Plaintiff's immediate supervisor was Sheila Burroughs who was at the time and is still located in Charlotte, North Carolina. (Complaint, ¶ 23), (Ex. A, ¶ 2).

In his Complaint, Plaintiff alleges that Ms. Burroughs began harassing Plaintiff in an attempt to force him to resign. (Complaint, ¶¶ 29-31). Plaintiff asserts that he complained that he was being discriminated against via written letter to J. Steele Alphin,

---

[1] References to Sheila Burroughs' affidavit testimony will be designated herein as Exhibit A (Ex. A, ¶ ___).
[2] References to Plaintiff's Complaint will be designated herein as (Complaint, ¶ ___).

Corporate Personnel Executive for Bank of America. (Complaint, ¶ 34). Thereafter, Plaintiff alleges that Bank of America promised to investigate Plaintiff's complaints in a letter from Eric A. Montgomery, Assistant General Counsel for Bank of America. (Complaint, ¶ 35). Both Mr. Alphin and Mr. Montgomery are located in Charlotte, North Carolina. (Ex. A, ¶ 8). Plaintiff claims that Bank of America did not conduct any investigation into his complaints and that he was terminated on June 13, 2003. (Complaint, ¶¶ 36-37). Plaintiff asserts that Bank of America "retained younger, less qualified similarly situated employees who had not complained of discrimination." (Complaint, ¶ 37).

Plaintiff's personnel file and other documents related to the CAMR group employees are maintained in the Bank's Charlotte, North Carolina, offices. (Ex. A, ¶ 10). Additionally, Plaintiff's supervisors and co-workers are all located in Charlotte, North Carolina. (Ex. A, ¶ 10).

## ARGUMENT

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this section, the Court must first determine whether the case could have been brought in the district where the defendant seeks to transfer the matter, in this case North Carolina. Atari v. United Parcel Service, Inc., 211 F. Supp. 2d 360, 361 (D. Mass. 2002). To make such an analysis, the Court is required to apply the venue statute, 28 U.S.C. § 1391. Id. Under Section 1391(b) where jurisdiction is not founded solely on diversity of citizenship, a civil action may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). For purposes of this section, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

Bank of America's headquarters and principal place of business is located in Charlotte, North Carolina. (Ex. A, ¶ 3). It is the only defendant in this action and is subject to personal jurisdiction in the United States District Court for the Western District of North Carolina. Moreover, at all times during his employment, Plaintiff worked in Bank of America's Charlotte, North Carolina, offices. (Ex. A, ¶ 7). All of the events or omissions giving rise to Plaintiff's claims occurred in North Carolina. As a result, this case could have been brought in United States District Court for the Western District of North Carolina under 28 U.S.C. § 1391.

In addition to analyzing whether the case could have been brought in North Carolina, under Section 1404 the Court should also consider: (a) the convenience of the parties; (b) the convenience of the witnesses; and (c) the interest of justice. Brant Point Corp. v. Poetzsch, 671 F.Supp. 2, 3 (D. Mass. 1987). Where the transfer of the action would merely shift the inconvenience from the defendants to the plaintiff, the convenience of the parties is not determinative. Id. However, in this case the Plaintiff will not be further inconvenienced by a transfer of this matter to North Carolina as he will be required to travel to Charlotte to attend or conduct discovery depositions of any witnesses, as they are not subject to service in the District of Massachusetts.

A. The Convenience of the Expected Witnesses Requires Transfer of This Case to North Carolina.

The convenience of the witnesses is "probably the most important factor . . . in passing on a motion to transfer under 28 U.S.C.A. § 1404(a)." Brant Point Corp., 671 F. Supp. at 3; Atari, 211 F. Supp. 2d at 362. In analyzing the convenience of the witnesses, "the Court must consider not only the number of potential witnesses located in the transferor and transferee districts, but also the nature and the quality of their testimony and whether they can be compelled to testify." Id. at 3-4 (citations omitted). Consistent with these requirements, it is proper for a court to consider an affidavit or declaration filed by a party identifying its witnesses and describing their expected testimony. Id. See also Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991).

Plaintiff has asserted four causes of action against Bank of America, all of which arise out of his employment with the bank in Charlotte, North Carolina. In conjunction with its Motion to Transfer Venue, Bank of America has submitted an affidavit from its attorney, Steven T. Ackermann[3], listing the witnesses Defendant anticipates calling and briefly describing their expected testimony. These witnesses include Plaintiff's supervisor, Sheila Burroughs, who will refute Plaintiff's direct allegations regarding her alleged discriminatory actions and motive; co-employees from Plaintiff's former work group, Susan Haloulos, Allison Hart, and LeRoy Leiker, who will testify regarding Plaintiff's performance and ability to work on a team; Plaintiff's indirect supervisor, Vipin Mayar, who will testify regarding the decision to terminate Plaintiff and to disband the CAMR department; former employee Rick McFarland, who will testify about

---

[3] References to the affidavit testimony of Steven T. Ackermann, Esq., will be designated herein as Exhibit B (Ex. B, ¶ ___).

Plaintiff's performance and relationship with co-workers; and recruiter Kimela Heenan who will testify about the Market Information Manager position. (Ex. B, ¶ 3).

Except for Ms. Haloulos, all of the identified witnesses are located in or around Charlotte, North Carolina. Ms. Haloulos lives within 100 miles of Charlotte, North Carolina. (Ex. A, ¶ 9), (Ex. B, ¶ 4). The testimony of these witnesses is material to this case. (Ex. B, ¶ 4). Each witness is expected to testify about information that supports Bank of America's decision to discharge Plaintiff or otherwise refutes his claims. The testimony will establish that Bank of America's employment decisions were based on legitimate non-discriminatory reasons and that the Defendant acted in good faith towards Plaintiff.

Conversely, other than Plaintiff, there is no material witness located in Massachusetts. In fact, each witness identified in Plaintiff's Complaint is located in North Carolina. (Complaint, ¶¶ 5-54). This factor weighs strongly in favor of transferring this action to the Western District of North Carolina. See F.A.I. Electronics Corp. v. Chambers, 944 F. Supp. 77, 81 (D. Mass. 1996)(since the witnesses and evidence are located in another forum where the action could have been brought, transfer of the action under 28 U.S.C. § 1404 is appropriate).

    B.    The Interests of Justice Warrant the Transfer of This Case to North Carolina.

In addition to considering the convenience of the parties and witnesses, the court must also weigh the interests of justice in transferring the case Dubois v. N.K. Graphics, Inc., 821 F. Supp. 792, 793 (D. Mass. 1993). The interests of justice are "public interests" that include (1) "the interest in having the trial in a forum that is at home with the law that must govern the action" and (2) "the local interests in having localized

controversies decided at home." Atari, 211 F. Supp. at 362. Where the cause of action arose in another jurisdiction whose laws will govern the dispute, that fact alone will justify transfer of the action. Wellons v. Numerica Savings Bank, FSB, 749 F. Supp. 336, 337 (D. Mass. 1990).

### 1.   *Massachusetts has no material connection to this case.*

While a court must consider Plaintiff's choice of forum, "Plaintiff's choice of forum alone is not controlling." Brant Point Corp. v. Poetzsch, 671 F.Supp. 2, 3 (D. Mass. 1987). The weight to be accorded to plaintiff's choice of forum varies with the circumstances of the case. See 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3848 at 389-92 (1986).

Where the operative facts of the case have no material connection with Plaintiff's chosen district, Plaintiff's choice of forum carries less weight. Brant Point Corp., 671 F. Supp. at 3 (citations omitted). Accordingly, courts routinely transfer cases where the principal events occurred in another district. See Atari, 211 F. Supp. at 365 (the fact that the incident "at the heart of" Plaintiff's civil action occurred in another forum, supported transfer to that forum); Wellons, 749 F. Supp. at 337 (that cause of action arose in a different state was a factor that weighed strongly in favor of transfer). See also Schauder v. International Knife & Saw, Inc. 2003 U.S. Dist. LEXIS 7033, *9 (S.D.N.Y. April 28, 2003)("the location of the operative events is a primary factor in a [§1404] transfer motion); Dillon v. Watson Bowman Acme Corp., 2003 U.S. Dist. LEXIS 19125, *3 (N.D. Ill. October 27, 2003)(where vast majority of material events related to the plaintiff's claims occurred in New York, this factor weighed heavily in favor of transfer to New York); Gemological Institute of America, Inc. v. Phan, 145 F. Supp. 2d 68, 73

(D.D.C., 2001)(where the forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter, the plaintiff's choice of forum is entitled to little deference).

It is clear that the principal facts of this case occurred solely in North Carolina. At all times during his employment with Bank of America, Plaintiff worked exclusively in Charlotte. (Ex. A, ¶ 7). Plaintiff's causes of action are based on discriminatory treatment that allegedly occurred in North Carolina. (Complaint, ¶¶ 41-54). Plaintiff asserts that he complained of discriminatory treatment to Bank of America's Corporate Personnel Executive and Assistant General Counsel, who are both located in Charlotte. (Complaint, ¶¶ 34-35), (Ex. A, ¶ 8). Furthermore, Plaintiff alleges that he was discharged based on his complaints of discriminatory treatment. (Complaint, ¶¶ 46-48). The decision to terminate Plaintiff was made and his discharge occurred in North Carolina. (Ex. A, ¶ 7).

While Plaintiff asserts that he was contacted in and recruited from his home in Massachusetts, these contacts, even if true, are not material to this case. Plaintiff's causes of action relate solely to his discharge and Defendant's conduct while Plaintiff was employed with Bank of America in Charlotte, North Carolina. (Complaint, ¶¶ 5-54). Plaintiff's additional allegations that Bank of America has numerous banking centers and automated teller machines located within Massachusetts are equally irrelevant. (Complaint, ¶ 9). While these assertions may support Plaintiff's claim that Bank of America is subject to jurisdiction in Massachusetts, they do not indicate that Massachusetts has material connection with this case.

### 2. The required application of North Carolina state law to Plaintiff's claims supports transfer of this matter to North Carolina.

Courts have held that where the law of another forum will govern the dispute, the case should be transferred to that forum. Atari, 211 F. Supp. at 365-66. The interests of justice are promoted by allowing issues of state law "to be construed by a federal court sitting in that state, rather than by a court unfamiliar with [the state's] law." Brant Point Corp., 671 F.Supp. at 5.

In this case, Plaintiff asserts four causes of action that arise out of his employment with Bank of America in North Carolina. First, Plaintiff alleges two causes of action based on federal law: 1) discrimination based on age; and 2) retaliatory discharge. Plaintiff, however, also asserts two causes of action based solely on North Carolina state law. Plaintiff asserts that Bank of America's actions were in violation of North Carolina public policy "as set forth in the North Carolina Equal Employment Practices Act, Ch. 143, Secs, 143-422.1 through 143-422.3 of the North Carolina General Statutes, and in the North Carolina Retaliatory Employment Discrimination Law, Ch. 95, Sec. 95-240 through 95-245 of the North Carolina General Statutes." (Complaint, ¶ 50). Additionally, Plaintiff alleges that Bank of America breached the "implied covenant of good faith a fair dealing that existed in Plaintiff's at-will employment contract." (Complaint, ¶ 53).

These two causes of action are founded solely on North Carolina State law. Transfer, therefore, allows the North Carolina laws at issue in this case to be construed by a federal court sitting in that state, rather than by a court less familiar with North Carolina law. See Brant Point Corp, 671 F. Supp. at 5.

## CONCLUSION

Since all material witnesses in this case are located in North Carolina, all principal events of this case occurred in North Carolina, Massachusetts has no material connection to this case, and transfer of this case will promote the interests of justice, this matter should be transferred to North Carolina. For the reasons stated above, Bank of America respectfully requests that this action be transferred pursuant to 28 U.S.C. § 1404 to the United States District Court for the Western District of North Carolina.

Respectfully submitted this 13th day of September 2004.

_____
George P. Kostakos (Bar No. 557919)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
Phone: 404.528.5864
Fax:    401.276.6611

**Attorneys for Defendant**
**Bank of America Corporation**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE" has been served by first-class mail, postage prepaid, upon the attorney for the Plaintiff at the address listed below:

>John B. Harkavy, Esq.
>Bernkopf Goodman LLP
>125 Summer Street, Suite 1300
>Boston, Massachusetts 02110
>
>Deborah Martin Norcross, Esq.
>60 Marion Road West
>Princeton, New Jersey 08540

This the 13th day of September, 2004.

*George P. Kostakos*
George P. Kostakos