UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN R. KINCAID,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA,<br><br>　　　　　Defendant. | 04-CV-11522 (WGY) |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

Plaintiff, Steven R. Kincaid, respectfully opposes Defendant's Motion to Transfer Venue because: (1) Defendant did not comply with, and in fact ignored, *Local Rule 7.1(a)(2)* by filing its motion without making any effort to confer with, or even notify, opposing counsel; and (2) Defendant has not satisfied its burden of establishing that a transfer is warranted. Mr. Kincaid therefore requests that the Court deny Defendant's motion and retain jurisdiction over this matter.

### STATEMENT OF PERTINENT FACTS

Defendant Bank of America is a Delaware Corporation with its headquarters in Charlotte, North Carolina. According to its website (www.bankofamerica.com), as of July 2004 Defendant had 303 banking centers and 1325 automated teller machines (ATMs) within the Commonwealth of Massachusetts, more than it had in any state or

commonwealth as of that date other than California, Florida, and Texas. *Kincaid Aff.* ¶7 and *Exh. 1.*[1]

In and before the Spring of 2002, Mr. Kincaid operated a consulting business in Boxford, Massachusetts, where he also resided. *Affidavit of Steven R. Kincaid (Kincaid Aff.)* ¶3; *Complaint* ¶13. In or around the Spring of 2002, a management recruiting firm, identified by Defendant as Management Recruiters International (MTI) in Austin, Texas, contacted Mr. Kincaid at his office in Massachusetts to recruit him on behalf of Defendant. *Defendant's Memorandum in Support of Motion to Transfer (Def. Mem.)* at p. 2; *Kincaid Aff.* ¶4; *Complaint* ¶14. Mr. Kincaid participated in several telephone interviews, all placed to him in Massachusetts, with the recruiter and with representatives of Defendant. *Kincaid Aff.* ¶5; *Complaint* ¶15; *Answer* ¶15. In July 2002, Defendant offered to employ Mr. Kincaid through a telephone call placed to him, and a letter sent to him, in Massachusetts.

Mr. Kincaid accepted Defendant's offer and relocated to North Carolina. *Kincaid Aff.* ¶6; *Complaint* ¶21. In carrying out the responsibilities of his position, Mr. Kincaid worked closely with three vendors: Abt Consulting, Forbes Consulting, and Eclipse Video. Each of these entities is located in or around Boston, Massachusetts. *Kincaid Aff.* ¶8a. In addition, because of the national scope of his position with Defendant, Mr. Kincaid traveled to and interacted with Defendant's personnel in Massachusetts, Texas, California, Minnesota, Missouri, and Florida. *Kincaid Aff.* ¶8c. Mr. Kincaid's former employer, Fidelity Investments, also is located in Massachusetts. *Kincaid Aff.* ¶8b.

---

[1] Mr. Kincaid is without present knowledge as to whether these figures take into account Bank of America's recent merger with Fleet.

After working for Defendant for approximately eight months, Plaintiff, through his counsel, sent a written discrimination complaint to Defendant's Corporate Personnel Executive. *Complaint ¶34; Answer ¶34.* Mr. Kincaid was terminated less than two months later. *Complaint ¶37.* He immediately returned to Massachusetts. *Kincaid Aff. ¶6.*

Mr. Kincaid has asserted claims under the federal Age Discrimination in Employment Act, *29 U.S.C. §§ 621 and 623(d)* for unlawful discrimination and retaliation. *Counts One and Two.* He also has asserted pendant state law claims for wrongful discharge in violation of public policy, *Count Three,* and for breach of the implied covenant of good faith and fair dealing, *Count Four.*

Defendant did not confer or attempt in good faith to resolve or narrow the issue raised in its motion. Defendant has not, in fact, contacted counsel for Plaintiff at all, about this motion or any other matter. *Affidavit of John B. Harkavy ¶3*

## ARGUMENT

### POINT ONE

**DEFENDANT'S FAILURE TO COMPLY WITH *LOCAL RULE 7.1(a)(2)* COMPELS DENIAL OF THE MOTION AND JUSTIFIES SANCTIONS**

*Local Rule 7.1(a)(2)* is unambiguous: "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith the resolve or narrow the issue." It also is important, because the Court should not have to expend its energies to resolve a matter if "… the parties have not sufficiently expended their own." *Hasbro, Inc. v. Serafino,* 168 F.R.D. 99, 101 (D. Mass. 1996). *See also Converse v. Reebok, Int'l, Ltd.,* 2004 U. S. Dist. LEXIS 15101 (D. Mass. 2004).

3

Here, it is undisputed that defense counsel ignored the Rule altogether. They do not certify compliance, as the Rule requires, and could not do so given their failure to initiate any contact with Plaintiff's counsel whatsoever. Had defense counsel raised their concern with Mr. Kincaid's choice of venue, discussion about the location of various potential witnesses -- in particular the individuals identified by Mr. Kincaid who are located in Massachusetts and other parts of the country -- could have occurred. Counsel for both sides could have discussed their respective positions and perhaps resolved the issue without judicial intervention.

By ignoring the Rule, Defendant deprived Mr. Kincaid and the Court of the very opportunity the Rule compels, unnecessarily increasing Mr. Kincaid's litigation expenses at this very early stage of this case. As the District Court for the District of New Hampshire did under its virtually parallel Local Rule 7.1(c) in *In re Tyco Int'l Securities Litigation,* MDL No. 99-MD-1335-B, 2001 U.S. Dist. LEXIS 819, *2-3 (D.N.H. 2001), this Court should deny Defendant's motion to transfer for failure to comply with *Local Rule 7.1(a)(2)* and order Defendant to reimburse Mr. Kincaid for the costs and attorneys' fees he has incurred in responding to it.

### POINT TWO

**DEFENDANT HAS NOT DEMONSTRATED THAT THE CONVENIENCE OF THE PARTIES OR THE INTERESTS OF JUSTICE WARRANT TRANSFER OF THIS CASE TO NORTH CAROLINA**

There is a "...strong assumption in favor of a plaintiff's forum choice..." *Nowak v. Tak How Invs.*, 94 F. 3d 708, 719 (1st Cir. 1996), *cert. denied*, 520 U.S. 1155, 117 S. Ct. 1333 (1997), *citing Koster v. Lumbermens Mut. Co.*, 330 U.S. 518, 524, 67 S. Ct. 828 (1947) (plaintiff should not be deprived of his choice of forum unless defendant

establishes such oppressiveness and vexation all out of proportion to plaintiff's convenience or considerations relating to the chosen court itself). The Court, of course, retains discretion to grant a motion to transfer if the moving party proves that transfer is appropriate "[f]or the convenience of the parties and witnesses, in the interests of justice …" 28 U.S.C. §1404(a). Defendant tries, but fails, to make the required showing. Its various arguments are addressed seriatum:

### A. That Defendant, a Huge International Financial Institution, Maintains Its Principal Place of Business in North Carolina Does Not Support Its Request to Transfer

Defendant is a massive business concern, with operations through this country and many others. *See* www.bankofamerica.com. It maintains many business operations in Massachusetts to which, on information and belief, its employees and executives travel from time to time. Mr. Kincaid, in contrast, is an individual citizen of Massachusetts who spent less than a year in North Carolina. As the Court said in *Brant Point Corp. v. Poetzsch*, 671 F. Supp. 2, 3-4 (D. Mass. 1987), *citing Berrigan v. Greyhound Bus Lines, Inc.*, 560 F. Supp. 165, 169 (D. Mass. 1982), *aff'd,* 782 F. 2d 295 (1st Cir. 1985), "[w]hile litigation in [North Carolina] certainly would be more convenient to defendants … it would be equally more burdensome for plaintiff, a Massachusetts corporation. Thus, transfer would serve merely to shift the inconvenience from the defendants to the plaintiff." Here, Defendant's motion, if granted, would shift what may be a minor inconvenience to a huge corporation doing substantial business in Massachusetts to a single individual with nothing even approaching Defendant's resources. The request to transfer should be denied.

### B. Defendant's Assertion that its Employees Would Not Be Subject to Deposition Notices in Massachusetts is Incorrect

Defendant sweepingly declares, without providing any support whatsoever, that its witnesses "... are not subject to service in the District of Massachusetts." *Def. Mem. at p. 4.* This statement is simply wrong. For example, *Fed. R. Civ. P. 30(b)(6)* specifically allows a party to require a corporation to produce for deposition persons it designates to testify as to matters described in the notice with reasonable particularity. Moreover, managing agents of a corporation may be compelled to travel and testify on behalf of the corporation. *Boston Diagnostics Dev. Corp., Inc. v. Kollsman Manufacturing Co., a. div. of Sequa Corp.*, 123 F.R.D. 415 (D. Mass. 1988). (requiring corporation to produce resident of Switzerland in Boston).

"[A] defendant's motion to transfer under section 1404(a) may be denied when the witnesses are employees of the defendant and their presence can be obtained by a party." *Ashmore v. Northeast Petroleum Div.*, 925 F. Supp. 36, 38 (D.Me. 1996), citing *Galonis v. National Broadcasting Co.*, 498 F. Supp. 789 (D.N.H. 1980). As the Court did in *Ashmore*, this Court should reject Defendant's request to transfer.

### C. Convenience of the Witnesses Compels that this Case Remain in this District

Defendant contends that all material witnesses other than Plaintiff are in North Carolina. *Def. Mem. at p. 6.* It is difficult to fathom how Defendant, who failed to confer with Mr. Kincaid's counsel before filing this motion in violation of *Local Rule 7.1(a)(2)*, could have made that statement. Regardless, Defendant's supposition is erroneous. One witness identified by Defendant is located in Austin, Texas. *Affidavit of Sheila Burroughs, ¶4.* Moreover, several non-party witnesses -- including representatives of three vendors with whom Mr. Kincaid worked on his major projects for Defendant, and

as his former employer -- are located in the Boston area. *Kincaid Aff. 8(a) and (b)*. Co-workers of Mr. Kincaid with material information about Mr. Kincaid's performance, in addition to the ones identified by Defendant, are located in Massachusetts, Texas, California, Minnesota, Missouri, and Florida. Transferring this case to North Carolina would make it exceedingly more inconvenient to the majority of the witnesses, particularly to those third-party entities in Massachusetts that may well be outside the jurisdiction of the Western District of North Carolina. Convenience of the witnesses compels retention of this case in the District of Massachusetts.

    **D.**    **This Court Possesses a Wealth of Experience Adjudicating Claims Under the Age Discrimination in Employment Act Asserted by its Citizens**

Mr. Kincaid both lived and worked in Massachusetts until the Summer of 2002. He relocated to North Carolina, where he resided for less than a year, only after accepting a position with Defendant based on what he now believes were false representations. He did not, as Defendant suggests, work "exclusively in Charlotte." *Def. Mem. at p. 8*. On the contrary, Mr. Kincaid traveled to Boston, as well as many other states, and worked closely with vendors located in Massachusetts. *Kincaid Aff. ¶8(a) and (c)*. When he was terminated after complaining of discrimination, he immediately returned to Massachusetts. Massachusetts has sufficient connection to this matter.

Moreover, there can be no dispute that this Court possesses a wealth of experience adjudicating federal age discrimination and retaliation claims, as well as pendant state law claims such as the ones asserted by Mr. Kincaid. It is true, as Defendant notes, that this Court will be required to apply North Carolina law to those pendant claims. That fact, however, is insufficient to warrant transfer of this case out of this District.

## CONCLUSION

Mr. Kincaid respectfully submits that the Court should deny Defendant's motion, and consider awarding to him the expense of responding to it, on the basis of Defendant's failure to comply with *Local Rule 7.1(a)(2)* alone. However, the interests of justice -- the extent of Defendant's business dealings in Massachusetts; the significant inconvenience transfer would pose to both Mr. Kincaid and the witnesses, including non-parties, he expects to testify; and his strong connections to this Commonwealth -- also compel denial of Defendant's motion.

Plaintiff,
STEVEN R. KINCAID
By his attorneys,

John B. Harkavy, BBO No. 541900
BERNKOPF GOODMAN LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:   (617) 790-3000
Facsimile:   (617) 790-3300

Of Counsel:
Deborah Martin Norcross
LAW OFFICES OF DEBORAH MARTIN NORCROSS LLC
60 Marion Road West
Princeton, New Jersey 08540
Telephone:   (609) 279-0191
Facsimile:   (609) 279-0526
*(Motion for Admission Pro Hac Vice to be Filed)*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) 9/27/04

Dated: September 27, 2004

8

9

#298861 v1/38027/1