UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
NO. 04 CV 11522 (JLT)

| | |
|---|---|
| STEVEN R. KINCAID,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR LEAVE TO FILE DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

Defendants Bank of America Corporation. ("Defendant") hereby move this Honorable Court for leave to allow Defendants to file its Reply Memorandum in Support of Their Motion to Transfer Venue (the "Reply"). Defendant's Reply is attached hereto as Exhibit A.

Respectfully submitted this 6th day of October 2004.

/s/George P. Kostakos
George P. Kostakos (Bar No. 557919)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
Phone: 404.528.5864
Fax:    401.276.6611

**Attorneys for Defendant Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "Motion For Leave To File Defendant's Reply Memorandum In Support Of Motion To Transfer Venue" has been served via electronic mailing to:

> John B. Harkavy, Esq.
> Bernkopf Goodman LLP
> 125 Summer Street, Suite 1300
> Boston, Massachusetts 02110

The undersigned hereby certifies that a copy of the foregoing "Motion For Leave To File Defendant's Reply Memorandum In Support Of Motion To Transfer Venue" has been served via first class-mail, postage pre-paid to:

> Deborah Martin Norcross, Esq.
> 60 Marion Road West
> Princeton, New Jersey 08540

This the 6th day of October, 2004.

> /s/ George P. Kostakos
> George P. Kostakos

# Exhibit A

Case 1:04-cv-11522-WGY    Document 13    Filed 10/06/2004    Page 3 of 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
NO. 04 CV 11522 (JLT)

| | |
|---|---|
| STEVEN R. KINCAID, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| BANK OF AMERICA CORPORATION, | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

Defendant Bank of America Corporation (hereinafter "Bank of America"), by and through the undersigned counsel, hereby submits this Reply Memorandum in Support of Motion to Transfer Venue.

## ARGUMENT

**I.  Defendant's Failure to Comply with Local Rule 7.1(a)(2) Does Not Warrant Denial of its Motion to Transfer Venue.**

Plaintiff argues that Bank of America's failure to confer with Plaintiff pursuant to Local Rule 7.1 prior to filing its motion justifies the summary denial of its motion to transfer venue. This assertion is, however, contrary to established case law. While a litigant's failure to observe the Local Rule 7.1 may, under appropriate circumstances, invite sanctions, "omitting to confer prior to filing a motion certain to be opposed does not warrant so severe a sanction as summary denial." Gerakaris v. Champagne, 913 F. Supp. 646, 651 (D. Mass. 1996). Courts have denied discovery related motions when parties have failed to confer before filing a motion to compel, see Hasbro, Inc. v.

Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996), but Plaintiff has failed to cite to any case in which a motion to transfer was dismissed. In the Hasbro case cited as support by Plaintiff, the court relies extensively on Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and Local Rule 37.1, which require a party to confer before filing a discovery motion, in addition to citing to the requirement of Local Rule 7.1. Id. at 101. In fact, the quotation cited by the Plaintiff states in full, "[s]econd, the purpose of a full consultation pursuant to Local Rule 37.1(A) is to enable the parties to attempt to narrow, if not resolve, their dispute. It is not up to the Court to expend its energies when the parties have not sufficiently expended their own." Id. Unlike the Hasbro case, it is submitted that this current motion fits more in the category of a dispute unlikely to be resolved between the parties through negotiations.

Indeed, on September 27, 2004, counsel for Bank of America contacted Plaintiff's counsel regarding Defendant's Motion to Transfer Venue. (Ex. "A"). Bank of America's counsel attempted in good faith to resolve the issues presented by its motion. (Ex. "A"). Plaintiff through counsel would not, however, consent to a transfer of venue of this case to North Carolina. (Ex. "A"). Accordingly, the provisions of Local Rule 7.1 should not be invoked to deny Bank of American's motion.

## II. The Defendant has Demonstrated that This Case Should be Transferred to North Carolina Pursuant to 28 U.S.C. § 1404.

### A. The convenience of the witnesses in this case warrants transfer to North Carolina.

The convenience of the witnesses is one of the most important factors considered by a court in determining whether to transfer a case under § 1404. Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, 3 (D. Mass. 1987). "The court must consider the number of

potential witnesses located in both the transferor and the transferee district and the nature and quality of their testimony . . . ." Atari v. United Parcel Service, Inc., 211 F. Supp. 2d 360, 362 (D. Mass. 2002). A party seeking a transfer on this basis must, therefore, specify the key witnesses to be called, accompanied by a general statement as to what their testimony will entail. Id.

Similarly, where a party opposes transfer by asserting that the convenience of the witnesses favors retention, it must specifically identify the witnesses in the chosen forum and establish the necessity of the testimony. Saraf v. Chatham Carpet Mills, Inc., 275 F. Supp. 951, 952 (S.D.N.Y. 1967). The mere "allegation . . . that various persons associated with [a company inside of the forum] . . . will be 'necessary witnesses in relation to any trial,' is defective for its failure to name the witnesses and describe the nature of their proposed testimony." Id. See also First Illinois Bank, N.A. v. Herman Miller, Inc., No. 82 C 2977, 1989 U.S. Dist. LEXIS 10099 (N.D. Ill. Aug. 23, 1989)("Merely alleging that witnesses possess general knowledge relating to the case without specifying what this information is, how it relates to the claim, or why these witnesses cannot successfully be deposed is not enough.")

In support of its motion to transfer venue, Bank of America identified numerous witnesses and described the nature of their testimony. (Ex. B ¶3). It also established that the witnesses were located in North Carolina, where it seeks to have this case transferred. (Ex. A ¶ 9).[1] In response, Plaintiff filed an affidavit that provides, in relevant part:

> 1) Representatives of Abt Consulting, Forbes Consulting, and Eclipse Video, all of whom are located in the Boston, Massachusetts area. Each of these entities are third-party vendors with whom I worked on my major

---

[1] Contrary to Plaintiff's assertions, Bank of America did not identify MRI in Austin, Texas, as a witness. (Ex. B, ¶¶ 1-4).

> Bank of America projects, thus enabling them to testify about, among other things, the timeliness and quality of my performance.
>
> 2) Representatives of Fidelity Investments, also located in the Boston, Massachusetts area. These representatives can testify about my work performance, work ethic, and my particular areas of expertise.
>
> 3) Because of the national scope of my position with Defendant, Bank of America employees and suppliers located in Boston, Massachusetts; Dallas, Texas; San Francisco, California; Minneapolis, Minnesota; St. Louis, Missouri; and Miami, Florida also can testify about, among other things, the timeliness and quality of my performance.

(Plaintiff's Aff. ¶ 8). Plaintiff's affidavit merely identifies sources of potential witnesses, but does not identify any specific witness as is required by the applicable case law. See Saraf, 275 F. Supp. at 952. In fact, Plaintiff's response and affidavit in support do not identify a single witness by name. (Plaintiff's Aff. ¶ 8). As a result, Plaintiff's statement identifying witnesses is defective and does not support retention of this case by the Court.

Moreover, the purported testimony from these witnesses is not material to Plaintiff's causes of action. The opinions of outside vendors and suppliers regarding Plaintiff's work performance, as well as testimony from Plaintiff's former employer regarding Plaintiff's work ethic and areas of expertise are irrelevant to Plaintiff's age discrimination claims. See Early v. Bankers Life & Casualty Co., No. 94-2339, 1995 U.S. App. LEXIS 30474, *13 (7th Cir. Sept. 5, 1995)(Contrary assessments of an employee's performance, which consist of others' value judgments and opinions, do not impeach the legitimacy of an employer's performance expectations; the ADEA is not intended as a vehicle for judicial review of business decisions).

By contrast, the expected testimony of the witnesses identified by Bank of America is essential to this case. The Bank identified witnesses who made or affected the employment decisions that form the basis of Plaintiff's complaint. (Ex. B ¶ 3).

Additionally, the Bank identified a witness involved in the decision to disband Plaintiff's employment group, CAMR. (Ex. B ¶ 3). Unlike the tangential testimony of the categories of witnesses identified by Plaintiff, the testimony of these witnesses identified by Bank of America is at the very heart of this case. Based on the foregoing, Bank of America has established that the convenience of the witnesses warrants transfer of this case to North Carolina.

    B.    <u>The interests of justice warrant transfer of this case to North Carolina</u>.

It is well settled that when none of the operative facts in a case have any connection with the plaintiff's choice of forum, the plaintiff's choice of forum is not determinative. <u>Atari v. United Parcel Service, Inc.</u>, 211 F. Supp. 2d 360, 363 (D. Mass. 2002). If the operative events of the case occurred in another jurisdiction, transfer of the action to that jurisdiction is appropriate. <u>Wellons v. Numerica Savings Bank, FSB</u>, 749 F. Supp. 336, 337 (D. Mass. 1990).

In support of its motion to transfer, Bank of America established that the principal events that gave rise to Plaintiff's causes of action occurred in North Carolina. Plaintiff has not contested the Bank's assertions but discusses extensively Bank of America's presence and contacts with Massachusetts. For purposes of this motion, Bank of America does not contest that it is subject to personal jurisdiction in this Court. Therefore, the Bank's presence in or contacts with Massachusetts, including Plaintiff's assertions that Bank of America operates 303 banking centers and 1,325 ATMs within Massachusetts, are irrelevant to the Court's analysis under 28 U.S.C. § 1404.

Additionally, Plaintiff's allegations that he worked with vendors in Massachusetts and other states, and was recruited from Massachusetts are similarly immaterial to Bank

of America's motion. Plaintiff's causes of action do not arise out of or relate in any way to these events. Rather, Plaintiff's causes of action as alleged relate to his employment in North Carolina and employment decisions made in North Carolina. This conclusion is supported by the fact that Plaintiff has asserted multiple claims based on North Carolina law and not a single claim pursuant to Massachusetts law. (Complaint ¶¶ 41-54). Despite Plaintiff's assertions to the contrary, where the cause of action arose in another jurisdiction whose laws will govern the dispute, that fact alone will justify transfer of the action. See Wellons v. Numerica Savings Bank, FSB, 749 F. Supp. 336, 337 (D. Mass. 1990); Atari v. United Parcel Service, Inc., 211 F. Supp. 2d 360, 361 (D. Mass. 2002).

## CONCLUSION

Since all material witnesses in this case are located in North Carolina where all principal events of this case occurred and Massachusetts has no material connection to this case, transfer of this case will promote the interests of justice and this matter should be transferred to North Carolina. For the reasons stated above, Bank of America respectfully requests that this action be transferred pursuant to 28 U.S.C. § 1404 to the United States District Court for the Western District of North Carolina.

Respectfully submitted this 6th day of October 2004.

/s/George P. Kostakos
George P. Kostakos (Bar No. 557919)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
Phone: 404.528.5864
Fax:    401.276.6611

**Attorneys for Defendant Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "Defendant's Reply Memorandum in Support of Motion to Transfer Venue" has been served via electronic mailing to:

> John B. Harkavy, Esq.
> Bernkopf Goodman LLP
> 125 Summer Street, Suite 1300
> Boston, Massachusetts 02110

The undersigned hereby certifies that a copy of the foregoing "Defendant's Reply Memorandum in Support of Motion to Transfer Venue" has been served via first class-mail, postage pre-paid to:

> Deborah Martin Norcross, Esq.
> 60 Marion Road West
> Princeton, New Jersey 08540

This the 6th day of October, 2004.

/s/ George P. Kostakos
George P. Kostakos