UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

STEVEN R. KINCAID,	)
	)
	)
	Plaintiff,	)

Civil Action No. 04-11522-WGY

BANK OF AMERICA	)
CORPORATION,
	Defendant.	)
	)
_____)

PLAINTIFF'S ASSENTED-TO
MOTION TO MODIFY SCHEDULING ORDERS

Plaintiff hereby moves, with defendant's assent, to modify this Court's scheduling orders dated October 27, 2004 and November 16, 2004, as follows:

       1       to extend the date for completion of fact discovery from July 2, 2005 to September 16, 2005;

       2.       to extend the deadline for submission of reports from retained experts under Fed. R. Civ. P. 26(a)(2): (a) for plaintiff, from July 15, 2005 to September 30, 2005; and (b) for defendant, from August 1, 2005 to October 17, 2005;

       3.       to extend the deadline for filing dispositive motions from August 2, 2005 to October 17, 2005;

       4.       to extend the earliest date for the Final Pretrial Conference from October 3, 2005 to December 3, 2005;

5       to extend the date that this case is to go on the Running Trial List from November 7, 2005 to January 3, 2006.

In support of this motion, plaintiff states:

The parties have been diligently pursuing discovery and readying this case for disposition by trial or otherwise. Toward this end, both parties have served and responded to document requests, plaintiff has served and defendant has responded to interrogatories, and the parties have together taken five depositions. Nevertheless, the parties need what is essentially an across-the-board two-month extension in the schedule for this case for the reasons described below.

2.      The scheduling orders the parties are seeking to modify were issued respectively on October 27 and November 16, 2004. After the issuance of these orders, plaintiff's then counsel, Deborah Martin Norcross, learned from the Fed. R. Civ. P. 26(a)(1) Initial Disclosures, served by defendant on November 30, 2004, that she had a conflict of interest. Over the course of the next eight weeks, attorney Norcross sought to obtain a waiver from the other party involved that would have enabled her to continue to represent plaintiff Kincaid. When it became apparent that such a waiver was not forthcoming, attorney Norcross and plaintiff Kincaid made arrangements for successor counsel, and plaintiff's undersigned successor counsel entered his appearance on February 9, 2005. This transition from attorney Norcross to plaintiff's undersigned counsel, and all that it entailed (including successor counsel's needing to learn the case from scratch) caused the parties to lose valuable time, and explains, in substantial part, why it is now necessary for the parties to request a two-month extension of time in the case schedule.

3.      A further reason for the present motion is the difficulty defendant Bank of America has had in identifying, locating and assembling documents responsive to plaintiff's

2

March 16, 2005 Request for Production of Documents. Defendant made an initial production of documents in response to this request on May 9, 2005. Depositions taken by plaintiff in early June 2005 revealed that there were additional documents responsive to this request. Defendant Bank has not yet produced any of these additional documents but has represented it will produce additional documents on July 1, 2005. Extensions of the various scheduling deadlines are necessary, among other reasons, to enable plaintiff to conduct further discovery based on, and informed by, the production of these additional documents.

4.  Defendant assents to this Motion.

5.  The parties have made no previous request to modify the Court's schedule.

Dated: July 1, 2005

Respectfully submitted,

*/s/ David J. Fine*
David J. Fine, BBO #165120
Law Offices of David J. Fine
3 Center Plaza, Suite 400
Boston, MA 02108-2003
(617) 720-2941

Attorney for Plaintiff

Assented To:

*/s/ Richard F. Kane*
Richard F. Kane
McGuire Woods LLP
Bank of America Corporate Center
Charlotte, NC 28202-4011
(704) 373-8957

Attorneys for Defendant