UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                               )
                               )
STEVEN R. KINCAID,             )
                               )
            Plaintiff,         )
                               )
      v.                       )     Civil Action No. 04-11522-WGY
                               )
                               )
BANK OF AMERICA                )
CORPORATION,                   )
                               )
            Defendant.         )
                               )
_____)
```

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
SECOND MOTION TO COMPEL DISCOVERY

David J. Fine, BBO # 165120
Law Offices of David J. Fine
3 Center Plaza, Suite 400
Boston, MA  02108
(617) 720-2941

Attorney for Plaintiff

Table of Contents

Discovery Conference

Nature of the Case

Facts Relevant to Discovery Matters to be Decided .............

Argument .                                                                                       2

I.   The Bank Should Be Ordered, on Pain of Default, to
     Provide Forthwith the Outstanding Remainder of the
     Discovery Compelled by the Court in its
     September 8, 2005 Order ..........................................        ....... 2

     A.   Court Order, and Defendant's Supplemental
          Discovery Responses Raising Issue ..........              ..... 2

     B.   Mr. Kincaid's Position                                                          2

II.  The Bank Should Be Compelled to Provide Discovery
     Regarding the Reassignment of Sheila Burroughs and
     Allison Hart .................................................................        4

     A.   Interrogatories and Document Requests
          Raising Issue .............................                                    4

     B.   Mr. Kincaid's Position                                                          5

III. The Bank Should Be Compelled to Provide Discovery Regarding
     Claims of Discrimination Made Against Alec Kotopoulos,
     Sheila Burroughs, Vipin Mayar or Eric Montgomery ..................    7

     A.   Interrogatory and Document Request Raising Issue        .... 7

     B.   Mr. Kincaid's Position ...                                                      8

## Discovery Conference

The parties held a discovery conference by telephone on September 16, 2005 from 8:30 a.m. to approximately 10:00 a.m. Plaintiff was represented by undersigned counsel, David J Fine. Defendant was represented by attorneys Richard F. Kane and Steven T. Ackermann of McGuire Woods LLP, and George P. Kostakos of Edwards Angell, LLP. The matters on which the parties reached agreement are reflected in an e-mail dated September 16, 2005 from undersigned counsel to attorney Kane, and a letter dated September 21, 2005 from attorney Kane to undersigned counsel, both of which are reproduced collectively as Exhibit 1 hereto. The issues remaining to be decided by the Court are reflected in the foregoing e-mail and letter, and in this memorandum.

## Nature of the Case and Statement of Facts

Plaintiff incorporates herein by reference the "Nature of the Case" and "Statement of Facts" sections from plaintiff's August 11, 2005 Memorandum in support of plaintiff's first Motion to Compel Discovery.

## Facts Relevant to Discovery Matters to be Decided

The facts relevant to the discovery matters to be decided are set out in the respective argument sections of this Memorandum below.

Argument

THE BANK SHOULD BE ORDERED, ON<br>
PAIN OF DEFAULT, TO PROVIDE<br>
FORTHWITH THE OUTSTANDING<br>
REMAINDER OF THE DISCOVERY<br>
COMPELLED BY THE COURT<br>
IN ITS SEPTEMBER 8, 2005 ORDER.

A.   Court Order, and Defendant's Supplemental
     Discovery Responses Raising Issue

The Order's September 8, 2005 Order Compelling Discovery

> MOTION ALLOWED AS TO INTERROGATORIES 11(e), 12(e), 13(d) AND 14 LIMITED TO CLAIMS OF AGE DISCRIMINATION AND READING THE WORD "CONCERNING" AS "EVIDENCING" IS ALLOWED AS TO DOCUMENT REQUESTS 15, 16 AND 17. MOTION OTHERWISE DENIED....

Defendant's Supplemental Discovery Responses

Defendant's October 10, 2005 Second Supplemental Responses to Plaintiff's First Set of Interrogatories to Defendant, without exhibits, are reproduced as Exhibit 2 hereto. Defendant's October 10, 2005 Second Supplemental Responses to Plaintiff's First Request to Defendant for Production of Documents are reproduced as Exhibit 3 hereto.

B.   Mr. Kincaid's Position

The Court issued its Order compelling discovery on September 8, 2005. On September 3, 2005, Mr. Kincaid's undersigned counsel sent the Bank's counsel Richard Kane an e-mail asking him to advise Mr. Kincaid "by what date defendant will be providing the discovery the Court has compelled. Plaintiff believes that defendant is required to provide such discovery forthwith." On September 23, 2005, the Bank's counsel Steven Ackermann sent Mr. Kincaid's undersigned counsel an e-mail stating that the Bank would provide the compelled discovery "[b]y September 30, 2005." In violation of this written commitment, the Bank provided none of

2

the compelled discovery to Mr. Kincaid until October 10, 2005, and the October 10, 2005 supplemental responses the Bank finally did provide were, by their own admission, incomplete. Thus, the "Limitation and Definitions" section of both the Bank's October 10, 2005 Supplemental Responses to Interrogatories and Supplemental Responses to plaintiff's first document request, states on page 2 that the Bank's "search" for the information and documents the Court ordered the Bank to provide "is incomplete" and that the Bank "shall supplement these responses, as necessary, based on the final results if it[s] search." See Exhibits 2 and 3 hereto. Remarkably, the Bank's Supplemental Responses fail to make any commitment as to a date by which the Bank will complete its search and provide the promised further supplemental responses.

 Given that the Court issued its Order over 30 days ago, and that the information and documents in questions were surely within the capacity of the Bank to provide promptly, and given further that the Court has scheduled the Final Pretrial Conference for October 20, 2005, and ordered the parties to be prepared to commence trial on or after November 14, 2005, the Bank's foot-dragging is inexcusable. Accordingly, the Court should issue an Order requiring the Bank to provide the balance of the compelled discovery by a date certain, and stating that, if the Bank fails to do so, a judgment by default shall be entered against it

3

      II      **THE BANK SHOULD BE COMPELLED TO PROVIDE DISCOVERY REGARDING THE REASSIGNMENT OF SHEILA BURROUGHS AND ALLISON HART.**

A.      <u>Interrogatories and Document Requests Raising Issue</u>

<u>Mr. Kincaid's Second Set Interrogatory No. 4</u>

State: (a) the date Sheila Burroughs first made a request to leave her position as customer satisfaction manager for a different position; (b) the date Sheila Burroughs applied for a position in customer service and support; (c) the date Ms. Burroughs' application for the foregoing new position was approved; (d) the date Ms. Burroughs' position as customer satisfaction manager was posted; (e) the date defendant began its efforts to recruit a replacement to fill Ms. Burroughs' position as customer satisfaction manager; and (f) the name of Ms. Burroughs' immediate supervisor in her new position in customer service and support.

<u>Bank's Response</u>

Defendant objects to this Interrogatory on the grounds that it is overly broad. Defendant further objects that this Interrogatory is not sufficiently limited in scope and seeks information that is not relevant nor reasonably likely to lead to the discovery of admissible evidence.

<u>Mr. Kincaid's Second Set Interrogatory No. 5</u>

State: (a) the date Allison Hart first made a request to leave her position in market research under Sheila Burroughs for a different position; (b) the date Allison Hart first applied for a new position; (c) the date Allison Hart's soon-to-be former position was first posted; (d) the date defendant began its efforts to recruit a replacement to fill Ms. Hart's position; and (e) the name of Ms. Hart's immediate supervisor in her new position.

<u>Bank's Response</u>

Defendant objects to this Interrogatory on the grounds that it is overly broad. Defendant further objects that this Interrogatory is not sufficiently limited in scope and seeks information that is not relevant nor reasonably likely to lead to the discovery of admissible evidence.

<u>Mr. Kincaid's Second Set Document Request No. 5</u>

All e-mails and other documents that discuss, describe, mention or refer to: (a) Sheila Burroughs' request to leave her position as customer satisfaction manager for a different position; (b) Sheila Burroughs' application for a position in customer service and support, a position in which Ms. Burroughs began to work in July 2003; (c) the posting of Ms. Burroughs' position as customer satisfaction manager; or (d) efforts to recruit a replacement to fill Ms. Burroughs' position as customer satisfaction manager.

4

Bank's Response

Defendant objects to this Request on the grounds that it is overly broad. Defendant further objects that this Request is not sufficiently limited in scope and seeks information that is not relevant nor reasonably likely to lead to the discovery of admissible evidence.

Mr. Kincaid's Second Set Document Request No. 6

All e-mails and other documents that discuss, describe, mention or refer to: (a) Allison Hart's request to leave her position in market research under Sheila Burroughs for a different position; (b) Allison Hart's application for a new position; (c) the posting of Allison Hart's soon-to-be former position; or (d) efforts to recruit a replacement to fill Ms. Hart's position.

Bank's Response

Defendant objects to this Request on the grounds that it is overly broad. Defendant further objects that this Request is not sufficiently limited in scope and seeks information that is not relevant nor reasonably likely to lead to the discovery of admissible evidence.

B.   Mr. Kincaid's Position

When Mr. Kincaid was hired by the Bank in August 2002, he was assigned to the Customer Satisfaction unit within the Customer Analysis, Modeling & Research (CAMR) department. At the time Mr. Kincaid commenced work for the Bank, there were four employees in the Customer Satisfaction unit: (1) Sheila Burroughs, the head of the unit; (2) Allison Hart; (3) Susan Haloulos; and (4) Mr. Kincaid. At her June 1, 2005 deposition, Sheila Burroughs testified that in July 2003, she left the Customer Satisfaction unit to take a job in a different part of the Bank, in customer service and support. Burroughs Dep. 6 (Pertinent excerpts from Ms. Burroughs' deposition transcript are reproduced as Exhibit 4 hereto.). Ms. Burroughs further testified that Allison Hart also left the Customer Satisfaction unit to take a job in another part of the Bank. Id. at 129. While Ms. Burroughs testified that she did not know when Allison Hart was replaced, a June 30, 2003 organizational chart for a division of the CAMR department shows that, by June 30, 2003, Allison Hart was no longer working in the Customer Satisfaction unit. See BA 233. Thus, by July 2003, of the four people who had been working in the

Customer Satisfaction unit in the last months of 2002 and the first months of 2003, three were gone -- Sheila Burroughs and Allison Hart having "left" for positions in other parts of the Bank, and Mr. Kincaid having been terminated on June 13, 2003

The foregoing is highly significant because it gives rise to an inference: (1) that a decision was made to disband or overhaul the existing Customer Satisfaction unit; and (2) that Mr. Kincaid was the victim of age discrimination because whereas he was terminated, his younger colleagues, Sheila Burroughs (date of birth October 7, 1967) and Allison Hart (date of birth February 8, 1976) were encouraged or permitted to take positions in other parts of the Bank.

To have a fair opportunity to develop facts to support the foregoing inference, Mr. Kincaid should plainly be granted the discovery he seeks regarding the precise timing of Ms. Burroughs' and Ms. Hart's respective "requests" to leave their positions in the Customer Satisfaction unit, their respective applications for new positions within the Bank, and the Bank's efforts to recruit their respective replacements. If, for example, Ms. Burroughs and Ms. Hart first "requested" to leave the Customer Satisfaction unit in the months immediately following Alec Kotopoulos's taking over supervision of that unit, the very months in which Mr. Kotopoulos made the decision to terminate Mr. Kincaid, this would tend to support an inference of disparate treatment and age discrimination.

The Bank's grounds for objecting to the discovery Mr. Kincaid seeks are plainly meritless. The information Mr. Kincaid seeks is obviously easy for the Bank to retrieve, and Mr. Kincaid clearly has need for the discovery in question given Ms. Burroughs' purported lack of memory in her deposition regarding such things as "the first time [she] had a discussion with anybody about [her] leaving" the Customer Satisfaction unit ("I don't remember," Burroughs

6

Dep. 128), "when" the Bank started "looking for [Ms. Burroughs'] replacement" ("I don't know," id. at 130), "when" Ms. Burroughs' job was "posted for the first time" ("I'm not sure," id. at 131), and "when" Allison Hart was "replaced" ("I don't know," id. at 132)

> III. THE BANK SHOULD BE COMPELLED TO PROVIDE DISCOVERY REGARDING CLAIMS OF DISCRIMINATION MADE AGAINST ALEC KOTOPOULOS, SHEILA BURROUGHS, VIPIN MAYAR OR ERIC MONTGOMERY.

A.  Interrogatory and Document Request Raising Issue

Mr. Kincaid's Second Set Interrogatory No. 3

State whether any charge or complaint of discrimination, harassment or retaliation has ever been made at any time against any of the following:

    a.  Alec Kotopoulos;

    b.  Sheila Burroughs;

    c.  Vipin Mayar; or

    d.  Eric Montgomery.

If so, for each such charge or complaint, state: (i) the name of the person who made it; (ii) the name of the person(s) against whom it was made; (iii) the date of the charge or complaint; (iv) the nature and substance of the charge or complaint; and (v) how the charge or complaint was resolved. Further, for each such charge or complaint, (vi) IDENTIFY all persons having information CONCERNING the charge or complaint; and (vii) IDENTIFY all documents CONCERNING the charge or complaint.

Bank's Response

Defendant objects to this Interrogatory on the grounds that it is overly broad. Defendant further objects that this Interrogatory is not sufficiently limited in scope and seeks information that is not relevant nor reasonably likely to lead to the discovery of admissible evidence.

Mr. Kincaid's Second Set Document Request No. 4

7

All e-mails and other documents that discuss, describe, mention or refer to any charges, claims or complaints of discrimination, harassment or retaliation made by anyone at any time against any of the following:

    a.    Alec Kotopoulos;

    b.    Sheila Burroughs;

    c.    Vipin Mayar; or

    d.    Eric Montgomery.

Bank's Response

Defendant objects to this Request on the grounds that it is overly broad. Defendant further objects that this Request is not sufficiently limited in scope and seeks information that is not relevant nor reasonably likely to lead to the discovery of admissible evidence.

B.    Mr. Kincaid's Position

As made clear in the Statement of Facts section of Mr. Kincaid's August 11, 2005 Memorandum in support of his first Motion to Compel, Alec Kotopoulos, Sheila Burroughs, Vipin Mayar and Eric Montgomery are the four central figures in the Bank's wrongful termination of Mr. Kincaid. Sheila Burroughs was Mr. Kincaid's immediate supervisor. Alec Kotopoulos was Ms. Burroughs' immediate supervisor. Vipin Mayar was Alec Kotopoulos's immediate supervisor. Eric Montgomery was the Bank's Assistant General Counsel who wrote to Mr. Kincaid's lawyer on April 25, 2003 stating that the Bank was investigating Mr. Kincaid's claims when, in actuality, no such investigation was done until <u>after</u> Mr. Kincaid's termination on June 13, 2003. Discovery has revealed that Mr. Kotopoulos, Mr. Mayar and Ms. Burroughs all participated in the decision to terminate Mr. Kincaid.

Given the foregoing, Mr. Kincaid is surely entitled to discovery concerning whether anyone has ever made a charge, claim or complaint of discrimination, harassment or retaliation of any kind against Mr. Kotopoulos, Mr. Mayar, Ms. Burroughs or Mr. Montgomery. That the

8

Court narrowed to claims of age discrimination the discovery it would compel in response to the much broader discovery requests that were the subject of Mr. Kincaid's first Motion to Compel, does not at all mean that the Court should similarly narrow the discovery it will compel in response to Mr. Kincaid's present, much more narrowly focused discovery requests. This is especially true given the judicial recognition in cases such as <u>Conway v. Electro Switch Corp.</u>, 825 F. 2d 593, 597-98 (1st Cir. 1987) that "the willingness to consider" one type of "impermissible factor" in an employment decision on one occasion "might tend to support an inference" that the same decision-maker considered another type of "impermissible factor" in an employment decision on another occasion.

Dated: October 12, 2005

*/s/ David J. Fine*
David J. Fine, BBO #165120
Law Offices of David J. Fine
3 Center Plaza, Suite 400
Boston, MA 02108-2003
(617) 720-2941

Attorney for Plaintiff

<u>Certificate of Service</u>

I hereby certify that I have this day served the foregoing by causing true copies thereof to be transmitted electronically and mailed, first class postage prepaid to, Richard F. Kane and Steven T. Ackermann, Esqs., McGuire Woods LLP, Bank of America Corporate Center, 100 North Tryon Street, Suite 2900, Charlotte, NC 28202, and to George P. Kostakos and Siobhan M. Sweeney, Edwards & Angell, LLP, 2800 Financial Plaza, Providence, RI 02903, attorneys for defendant.

Dated: October 12, 2005

*/s/ David J. Fine*
David J. Fine