EXHIBIT 1



| Subj: | **Kincaid v. Bank of America** |
|---|---|
| Date: | 9/16/2005 10:30:25 AM Eastern Daylight Time |
| From: | DvdFine |
| To: | rkane@mcguirewoods.com |

Dear Mr. Kane:

As a follow-up to the discovery conference we just completed, this is to confirm that you have agreed to: (1) provide additional information regarding the Martha Moore entry in defendant's Supplemental Initial Disclosures; (2) consider whether to respond substantively to plaintiff's interrogatories and document requests regarding the relocation of Sheila Burroughs and Alison Hart; and (3) consider whether to supplement defendant's description of documents in the defendant's Privilege Log. You have also agreed to give me a status report as to the defendant's compliance with Judge Young's order compelling discovery, by next Friday, September 23, 2005.

Further, in response to my question as to whether the personnel file for Mr. Kotopoulos produced at BA 906 to BA 929 was, indeed, Mr. Kotopoulos's complete personnel file, you stated that it was his complete personnel file.

Please advise me immediately if you believe anything I have stated above is incorrect. Also please let me :now when you anticipate completing the three numbered items I have enumerated in my first paragraph above

Very truly yours

David J. Fine

**McGuireWoods LLP**
Bank of America Corporate Center
100 North Tryon Street
Suite 2900
Charlotte, NC 28202-4011
Phone: 704.373.8999
Fax: 704.373.8935
www.mcguirewoods.com

**Richard F. Kane**
**rkane@mcguirewoods.com**

**Direct Dial: (704) 373-8957**
**Direct Fax (704) 373-8828**

MCGUIREWOODS

September 21, 2005

**VIA ELECTRONIC AND U.S. MAIL**

David J. Fine, Esq.
Three Center Plaza, Suite 400
Boston, Massachusetts 02108-2003

Re: *Steven R. Kincaid v. Bank of America Corp.*
Civil Action No. 04-11522-WGY

Dear Mr. Fine:

This letter will summarize the parties' positions on the issues raised during the discovery conference conducted on September 16, 2005.

First, with regard to our assertions that Plaintiff's responses to Defendant's First Set of Interrogatories and Second Request for Production of Documents were deficient, you have agreed that you will supplement Plaintiff's responses to Interrogatory Nos. 4, 6, 7, 11 and 12. However, you are refusing to answer Interrogatory Nos. 5 and 8 on the basis that you believe that these interrogatories are improper. In addition, you are refusing to supplement or otherwise further respond to Interrogatory Nos. 1, 2, 3, and 13.

We do not agree that our supplementation of our initial disclosures was improper. You have deposed Elizabeth Janak and the scope of your deposition was not subject to any limitations. The description of Ms. Janak's potential knowledge is not broader than the topics you deposed her on. In addition, the description of Ms. Moore's knowledge in Defendant's supplementation of its initial disclosures merely summarizes the information you have obtained in prior discovery. Accordingly, Defendant will not agree to provide further specifics.

With regard to Defendant's responses to Plaintiff's Interrogatory No. 3 and Request for Production No. 4, in light of Judge Young's order, we requested that you agree to narrow the scope of these discovery requests to claims of age discrimination. You will not agree to limit the discovery.

It is our position that Plaintiff's Interrogatory Nos. 4 and 5 and Request Nos. 5 and 6 seek information that is not relevant to this case and is not reasonably calculated to lead to the discovery of admissible information. Accordingly, Defendant will not provide further answers to these discovery requests.

Plaintiff has asserted that the latest descriptions in Defendant's privilege log are insufficient in that they fail to identify the employee who was the subject of the privileged

communication. Defendant does not believe that such a description is required, but will agree to supplement its privilege log with the Bates numbers of the specific pages that correspond with the redactions listed on the privilege log.

Plaintiff has acknowledged that the redactions on the documents produced by Defendant have been sufficiently explained and that no log is required.

On the question of your conducting additional discovery, including reopening two depositions, Defendant does not agree that Plaintiff is entitled to any additional discovery. Defendant contends that Plaintiff had ample time to depose all witnesses and Defendant will not consent to any extension of the discovery period in this matter.

Finally, we will advise you by Friday, September 23, 2005, the date on which we believe we will be able to produce the information required by Judge Young's order. If you believe that anything in this letter is inaccurate, please contact me immediately.

Thank you for your attention to this matter.

Sincerely,

McGuireWoods LLP

Richard F. Kane

RFK:scr