# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
NO. 04 CV 11522 (JLT)

|  |  |
|---|---|
| STEVEN R. KINCAID, | ) |
| Plaintiff, | ) |
| vs. | ) |
| BANK OF AMERICA CORPORATION, | ) |
| Defendant. | ) |

### DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant Bank of America Corporation ("Defendant"), responds to Plaintiff's First Set of Interrogatories to Defendant in conformance with the Court's discovery order dated September 2, 2005, as follows:

### LIMITATIONS AND DEFINITIONS

Pursuant to the Court's discovery order dated September 2, 2005, Defendant responds to interrogatory numbers 11(e), 12(e), 13(d) and 14 limited to claims of age discrimination.

For purposes of these answers to interrogatories, "Plaintiff" means Steven Kincaid.

For purposes of these answers to interrogatories, "Defendant" means Bank of America Corporation.

For purposes of these answers to interrogatories, Defendant defines the term "claim" to mean "the assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional," *Black's Law Dictionary*, 7th ed.(1999), which Defendant defines to include an internal claim for relief made to Defendant's personnel call center or an

internal claim for relief made Defendant's legal department. Because Plaintiff has distinguished claims from "charges" and "lawsuits" in his discovery requests, Defendant does not define "claim" to include formal charges and lawsuits.

For purposes of these answers to interrogatories, Defendant assumes Plaintiff means "Competitive Intelligence" unit, not "Competitive Analysis" unit

As of the time of this response, Defendant is diligently conducting a search of its internal claims to identify responsive matters  However, its search is incomplete as to Market Information Managers and CAMR associates at any time from August 20, 2002 to June 13, 2003, who voluntarily terminated or who are active employees. Thus, the responses to Interrogatories 11 and 12, below, are limited to claims by those who were involuntarily terminated. Defendant shall supplement these responses, as necessary, based on the final results of it search.

### SUPPLEMENTAL ANSWERS TO INTERROGATORIES

**11.    IDENTIFY each person employed by defendant as a Market Information Manager at any time from August 20, 2002 to June 13, 2003. For each such person, state: . . . (e) whether the person ever made a claim that the defendant . . . discriminated against . . . the person [on the basis of age] and if so, describe the substance of the claim and whether the defendant ever investigated the claim.**

RESPONSE 11(e):

(e)     Steven Kincaid is the only person employed as a Market Information Manager with Defendant from August 20, 2002 to June 13, 2003 who made a claim that Defendant discriminated against him/her because of his age.

**12.    IDENTIFY each person employed by defendant in the Customer Analysis Modeling & Research Department at any time from August 20, 2002 to June 13, 2003. For each such person, state: . . . (e) whether the person ever made a claim that the defendant improperly . . . discriminated against . . . the person [on the basis of age] and, if so, describe the substance of the claim and whether the defendant ever investigated the claim.**

RESPONSE to 12(e):

See response to Interrogatory No. 1

13. IDENTIFY each person in the defendant's Competitive Analysis (sic) unit who ceased to be employed by defendant at any time between October 1, 2002 and May 31, 2003 by virtue of having been terminated by defendant or having left the company for any other reason. For each such person, state: . . . (d) whether the person ever claimed that defendant had . . . discriminated against . . . person [on the basis of age] and, if so, describe the substance of the claim and whether defendant ever investigated the claim.

RESPONSE to 13(d):

No person in Defendant's Competitive Intelligence unit who ceased to be employed by defendant at any time between October , 2002 and May 31, 2003 who left the company due to involuntary termination made a claim that he/she was discriminated against on the basis of his/her age. Defendant shall supplement this response, as necessary, upon completion of its search.

14. IDENTIFY each person who has made a charge and/or brought a lawsuit against defendant alleging age discrimination . . . at any time from January 1, 2000 to the date defendant answers theses interrogatories and, with regard to each such charge or lawsuit, describe the substance of the claim made and state the date and place of the alleged misconduct. Further, with regard to each such lawsuit, state the title of the case, the court where the case was filed, the case's docket number and the case's current status.

RESPONSE

Defendant refers to the attached Exhibits A and B in response to this interrogatory Defendant's responses include charges and lawsuits brought against Bank of America for alleged conduct by Bank of America.

This 10th day of October 2005.

Siobhan M. Sweeney
BBO No. 562118
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444
Facsimile: (617) 439-4170

George P. Kostakos
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
Phone: 401.528.5864
Fax: 401.276.6611

**Attorneys for Bank of America, N.A.**

### Certificate of Service

I hereby certify that a true copy of this document with Exhibits A and B was served on counsel of record for plaintiff, David Fine, Esq., on in "pdf" format on October 10, 2005 by electronic mail to DvdFine@aol.com

### CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: 10/11/05

-4-