UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 04 CV 11522 (WGY)

STEVEN R. KINCAID,

    Plaintiff,

vs.

BANK OF AMERICA CORPORATION,

    Defendant.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL**

Defendant Bank of America Corporation ("Defendant"), opposes Plaintiff's Second Motion to Compel on the grounds that:

1. The discovery sought by Plaintiff in relation to the Court's September 8, 2005 Order has been provided to Plaintiff, and his motion is therefore moot; and

2. The discovery sought by Plaintiff in relation to Plaintiff's Second Request for Production of Documents and Second Set of Interrogatories is overly broad, not sufficiently limited in scope and seeks information that is not relevant nor reasonably likely to lead to the discovery of admissible evidence.

As set forth more fully below, Plaintiff's motion is without merit and should be denied.

## Argument

### I. Plaintiff's Motion As It Relates To This Court's September 8, 2005 Discovery Order Is Moot, As The Defendant Has Fully Responded.

As this date, October 13, 2005, Defendant has fully responded to outstanding discovery referenced in this Court's Order dated September 8, 2005. Therefore, the issues addressed in Section [I] A (pp. 2-3) of Plaintiff's Memorandum in Support of Second Motion to Compel Discovery are moot.[1]

### II. Defendant Has Produced Documents Related To Ms. Hart's and Ms. Burrough's Bids For Positions Within The Bank.

As of this date, October 13, 2005, Defendant has produced copies of printouts of its job bid database showing the dates Ms. Hart and Ms. Burroughs first bid for positions outside of the customer satisfaction group, the names of their new managers, and the dates they accepted their transfers. In addition, Defendant agrees to conduct a search of its records and provide a response to Plaintiff as to the dates Ms. Hart's and Ms. Burrough's customer satisfaction positions were first posted to be filled and when they were filled. Defendant objects to the remainder of the interrogatories 4 and 5 and document requests 5 and 6 as stated in its original responses to Plaintiff's discovery requests.

---

[1] Contrary to Plaintiff's assertion, Defendant did not engage in "foot dragging" with respect to its discovery response and kept Plaintiff fully informed of the progress it was making in conducting searches for the requested information, even preparing interim responses, which were served the morning of October 10, 2005. Prior to that time and thereafter, Defendant's counsel continued to update Plaintiff's counsel by telephone and email communications on the progress of the search for responsive information and the need for additional time. Contrary to Plaintiff's belief, the information requested could not be obtained by simply inputting a search request into a database. Instead the search required a large investment of human time to review data entries and records of the Bank and to then compare such information to the search parameters in the discovery requests.

### III. Defendant Should Not Be Compelled To Provide Discovery Regarding Claims Of Discrimination Made Against Alec Kotopoulos, Sheila Burroughs, Vipin Mayar Or Eric Montgomery.

Plaintiff seeks information related to complaints, charges and claims of discrimination of any kind whatsoever made against Alec Kotopoulos, Sheila Burroughs, Vipin Mayar and/or Eric Montgomery at any time.

Defendant has already provided this information as to complaints, charges and claims of <u>age</u> discrimination, in keeping with the Court's September 8, 2005 Order limiting other discovery to claims, charges and lawsuits alleging age discrimination. However, Plaintiff is not satisfied with Defendant's response and now seeks to bolster his age discrimination claim by arguing that if an individual is alleged to discriminate against women, or Asian Americans, or African Americans, or Latinos, or immigrants from Ireland, Italy, or Sri Lanka, or those who suffer from physical or mental disabilities, or Hindus, or Catholics, or Muslims, or evangelical Christians, or Jews, such alleged conduct in relation to that discrete category of individuals bears a direct relationship and raises an inference that she also discriminates against people who are 40 years of age or older. For this proposition, Plaintiff cites only to <u>Conway v. Electro Switch Corp.</u>, 825 F.2d 593 (1987). <u>Conway</u>, however, does not support Plaintiff's argument. [2]

---

[2] Plaintiff misquotes and misapplies the decision in <u>Conway</u>. The full passage referred to by Plaintiff is as follows:

> Evidence of an institutional state-of-mind may be presented for the consideration of the trier-of-fact because an employer's willingness to consider impermissible factors such as race, age, sex, national origin, or religion, while engaging in one set of presumably neutral employment decisions—in this case, pay scales—might tend to support an inference that such impermissible considerations may have entered into another area of ostensibly neutral employment decisions—here an employee's termination.

The issue presented to the First Circuit was whether evidence of gender discrimination in relation to one aspect of the employment relationship could be used as evidence to show that the termination decision was also infected with gender discrimination. The <u>Conway</u> court did not suggest that evidence of an institutional bias

In Conway, the plaintiff alleged gender discrimination in relation to her termination. At the trial of her case, the court allowed the plaintiff and another female employee to testify as to comments made to them by senior managers (who were not the decision makers with respect to plaintiff's termination) about requests for raises made by women at the company. The court found that the comments in question, that plaintiff made enough money and was one of the highest paid women at the company and that for a "woman supervisor" the other employee did "very well," tended to highlight an institutional state-of-mind about women in the workplace during the plaintiff's period of employment. Thus, the plaintiff sought to raise an inference of gender discrimination in her termination, by adducing evidence that gender played a role in decisions related to other aspects of her employment and likely played a role in the termination decision. Here, Plaintiff would seek to raise an inference of age discrimination by showing that any of the four individuals has ever had an allegation of discrimination raised against him/her. So for instance, under Plaintiff's theory, if Eric Montgomery, an African American, is alleged to have discriminated against a white employee, he then is likely to be prone to discriminating against individuals who are within the age-protected category under federal law. Plaintiff's proposition is not supported by Conway, nor is it supported by reason and logic.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Second Motion to Compel Discovery should be denied and Plaintiff should be order to pay Defendant's attorney's fees and costs in relation to this opposition.

---

against women, for example, could ever be used to show that a particular termination decision was tainted by age discrimination.

                BANK OF AMERICA CORPORATION,
                Defendant
                By its attorneys


                /s/ Siobhan Sweeney
                Siobhan M. Sweeney
                BBO No. 562118
                Edwards & Angell, LLP
                101 Federal Street
                Boston, MA  02110
                (617) 439-4444
                Facsimile:  (617) 439-4170

                George P. Kostakos
                Edwards & Angell, LLP
                2800 Financial Plaza
                Providence, RI 02903
                Phone: 401.528.5864
                Fax:    401.276.6611


DATE: October 13, 2005