UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN R. KINCAID,<br><br>   Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION,<br><br>   Defendant. | C.A. No. 04CV11522 WGY |

## JOINT PRETRIAL MEMORANDUM

1. **Concise Summary Of The Evidence To Be Offered**

   a. **Plaintiff**

   b. **Defendant**

   Defendant expects to offer evidence that Plaintiff was hired by Sheila Burroughs in August 2002, when he was 49 years of age and that he was terminated by Ms. Burroughs in June 2003, when he was still 49 years old. In his position, Ms. Burroughs expected Plaintiff to be a leader within the Bank and to work with and influence the Bank's senior executives across its various product lines to identify and implement strategies to increase the satisfaction the Bank's customer's felt for the Bank.

   Although Plaintiff was good at analyzing data about the Bank's customers and demonstrated a high competency at being a project manager, his job required more. Specifically, the job required an ability to translate the customer survey data into relevant information and communicate that relevant information to the Bank's senior executives to influence their business decisions.

1

Throughout Plaintiff's employment, he and Ms. Burroughs met on a weekly basis to develop his performance goals and to discuss his progress against those goals. In October or November, after only a couple of months in his position, Ms. Burroughs rated Plaintiff "solid," or in the middle of a 5 point performance rating scale. Over the course of the next several months, it became clear to Ms. Burroughs that Plaintiff was not demonstrating the leadership within the Bank that his position required. As a result, Ms. Burroughs rated Plaintiff as "needs improvement" in his performance review for the first quarter of 2003 and put him on a written performance warning. Ms. Burroughs continued to meet with Plaintiff on a weekly basis and coached and counseled him in the areas of his performance that needed improvement. After two months and no sustained improvement in Plaintiff's performance, Ms. Burroughs terminated Plaintiff's employment with the Bank.

Plaintiff did not complain directly to anyone at the Bank that he felt Ms. Burroughs' criticisms of him were motivated by her age discrimination. Instead, Plaintiff retained an attorney who wrote a letter to another the Bank's highest ranking personnel executive, who forwarded it to the Bank's in-house counsel, Eric Montgomery. Mr. Montgomery did not share the contents of the attorney letter with Ms. Burroughs until after the Plaintiff's termination, and Ms. Burroughs knew nothing of the Plaintiff's allegations from any other source until after his termination.

Plaintiff has failed to mitigate his damages by failing to look for comparable work. Defendant expects the evidence to show that in the more than two years since his termination, Plaintiff has looked for work at only a handful of companies and instead of taking a different type of position, he has accepted work teaching a GED course at a much reduced salary and has not searched diligently for comparable work. Plaintiff did not sustain any damages related to

emotional distress and any distress he was feeling was associated with his divorce and custody and visitation issues related to his children.

**2.    Established Facts**

    a.    Plaintiff was hired in August 2002 as a market information manager for Bank of America in its customer satisfaction group.

    b.    Plaintiff's supervisor was Sheila Burroughs.

    c.    At the time of hire by Bank of America, Plaintiff was 49 years old.

    d.    At the time of his termination by Bank of America, Plaintiff was 49 years old.

    e.    Plaintiff received a rating of "needs improvement" for his first quarter 2003 performance review. The rating was prepared by Sheila Burroughs.

    f.    Plaintiff was given a written performance warning by Sheila Burroughs in April 2003.

    g.    Plaintiff was terminated by Sheila Burroughs on June 13, 2003.

**3.    Contested Issues Of Fact**

    a.    Whether Plaintiff was terminated because of his age.

    b.    Whether Plaintiff was terminated because his attorney wrote a letter to the Bank complaining about age discrimination with respect to his performance review and rating and performance warning.

    c.    Whether Plaintiff suffered any damages because of his termination.

    d.    Whether Plaintiff failed to mitigate his damages.

**4.    Jurisdictional Questions**

    a.    Whether Plaintiff failed to file his Complaint alleging age discrimination and retaliation within the time period allowed under ADEA and therefore whether this court has

jurisdiction over Plaintiff's claims under ADEA.  29 U.S.C. § 616(d) and (e).  See Defendant's Motion For Summary Judgment.

**5.     Questions Raised By Pending Motions**

Defendant has filed a motion for summary judgment.  That motion raises the following issues with respect to liability:

**6.     Issues of Law/Evidentiary Questions**

   **a.     Plaintiff—**

   1.     Whether the Massachusetts law of privilege applies to this case such that, an adverse inference may be drawn against the Bank based on the Bank's withholding, on ground of privilege, documents reflecting the Bank's internal investigation of Mr. Kincaid's claims of age discrimination, retaliation and harassment.

   2.     Whether the jury should be instructed that an inference adverse to the Bank may be drawn based on the Bank's failure to issue a preserve-evidence instruction to its employees and based on the Bank's destruction of e-mail evidence.

   See Zubulake v. UBS Warburg LLC, 2004 WL 1620866 (U.S.Dist.Ct., S.D.N.Y. 2004)

   3.     Whether the Bank should be ordered to pay the costs of depositions or re-depositions required on account of the Bank's late production of discovery.

   See id.

   **b.     Defendant--**

   1.     Whether Defendant is entitled to judgment as a matter of law on Plaintiff's claim under ADEA for age discrimination because Plaintiff is not able to produce sufficient evidence from which a reasonable jury could find that he was terminated because of his age.

4

      2.      Whether Defendant is entitled to judgment as a matter of law on Plaintiff's claim under ADEA for retaliation because Plaintiff is not able to produce sufficient evidence from which a reasonable jury could find that he was terminated in retaliation for his attorney's letter.

      3.      Whether Defendant is entitled to judgment as a matter of law on Plaintiff's claim for wrongful termination in violation of public policy under North Carolina law because he is not able to produce sufficient evidence from which a reasonable jury could find he was terminated because of his age.

      4.      Whether Defendant is entitled to judgment as a matter of law on Plaintiff's claim for violation of the implied covenant of good faith and fair dealing under North Carolina law because North Carolina does not recognize such a covenant in at-will employment.

      5.      Whether Plaintiff failed to file his Complaint alleging age discrimination and retaliation within the time period allowed under ADEA and therefore whether this court has jurisdiction over Plaintiff's claims under ADEA. 29 U.S.C. § 616(d) and (e).  See Defendant's Motion For Summary Judgment.

Defendant expects to contest the admissibility and relevance of documents Plaintiff seeks to enter as evidence. When Defendant receives Plaintiff's list of proposed exhibits, Defendant will supplement this section of the pretrial memorandum.

**7.    Requested Amendments To The Pleadings**

    **a.    Plaintiff—**

Plaintiff requests leave to amend his Complaint to add the following Count for negligent infliction of emotional distress under North Carolina law:

COUNT FIVE<br>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs of this Complaint.

56. In acting as it did, defendant: (a) negligently engaged in conduct; (b) it was reasonably foreseeable that such conduct would cause the plaintiff severe mental anguish and emotional distress; and (3) the conduct did in fact cause the plaintiff severe mental anguish and emotional distress.

57. The acts of defendant that foreseeably caused plaintiff severe mental anguish and emotional distress included, without limitation,

    a. pressuring plaintiff not to attend the funeral of his grandmother;

    b. threatening to terminate plaintiff's employment, and then actually terminating plaintiff's employment, on the purported ground that his job performance had been substandard, deficient and unsatisfactory, when, in actuality, his job performance had been excellent and the reasons for threatening to terminate his employment, and actually terminating his employment, had nothing to do with the quality of his work;

    c. assuring plaintiff that he would have 90 days to improve the quality of his job performance to a satisfactory level and then terminating his employment in fewer than 90 days on the purported basis that it had become clear that plaintiff was not making sufficient progress in improving the quality of his performance when the actual reason for cutting short his time to improve, was defendant's fear the plaintiff was about to file a disability claim and defendant wanted to be sure to terminate plaintiff's performance before he could do so;

    d. assuring plaintiff in writing on April 30, 2003 that defendant was "investigating the facts and circumstances" of plaintiff's written April 25, 2003 discrimination claim and that defendant would "respond" to that claim "shortly" when, in actuality, defendant

6

had done nothing to investigate plaintiff's claim and would do nothing to investigate or respond to plaintiff's claim until <u>after</u> plaintiff was terminated on June 13, 2003.

58.   The mental anguish and emotional distress resulting from defendant's actions caused plaintiff to sustain, among other things, a voice disorder in December 2004 which made it extremely difficult for plaintiff to speak at all for several months and which has continued to have an adverse impact on plaintiff's ability to speak to this day.

    **b.**    **Defendant—none.**

**8.**    **Additional Matters To Aid Disposition**

    **a.**    **Remaining Discovery Plaintiff is Expecting**

        i.    Supplemental deposition of Vipin Mayar

        ii.    Defendant's providing remainder of discovery compelled by Court's 9/8/05 Order

        iii.    Defendant's providing information re posting and filling of positions of Sheila Burroughs and Allison Hart in Customer Satisfaction unit

        iv.    Defendant's supplementation of privilege log

        v.    Defendant's production of written complaint made by Erin McCarthy referred to by Alec Kotopoulos in his deposition

    **b.**    **Remaining Discovery Defendant is Expecting**

        i.    Supplemental deposition of plaintiff

        ii.    Plaintiff's supplementation of interrogatory answer regarding damages

**9.**    **Probable Length Of Jury/Non-Jury Trial**

Jury trial

Plaintiff's estimate of length:  8 days

Defendant's estimate of length:  8 days

**10.** **Witnesses**

    **a.** **Plaintiff**

        <u>Fact Witnesses</u>

        i.    Plaintiff Steven R. Kincaid
             8 Towne Lane
             Topsfield, MA 01983

        ii.    Alec Kotopoulos (former Bank employee)
             [to be inserted]
             _____, MA

             live or by deposition

        iii.    Sheila Burroughs (current Bank employee)
             Charlotte, NC

             live or by deposition

        iv.    Vipin Mayar (former Bank employee)
             [to be inserted]

             live or by deposition

        v.    Elizabeth Janak (current Bank employee)
             Davidson, North Carolina

             live or by deposition

        vi.    Eric Montgomery (current Bank employee)
             Charlotte, NC

             live or by deposition

        vii.    Daniel Dupre (current Bank employee)
             Charlotte, NC

             live or by deposition

        viii.    Christine Lamano (current Bank employee)
             Charlotte, NC

             live or by deposition

      ix.      Timothy Megyesy (current Bank employee)
Pittsburgh, PA

             live or by deposition

      x.      Erik Fine (current Bank employee)
Charlotte, NC

             live or by deposition

      xi.      Marilyn Kincaid (plaintiff's sister)
120 Settlers Trail
Morgantown, PA 19543

      xii.      other fact witnesses
[to be inserted]

Expert Witnesses

[to be inserted]

**b.    Defendant's Witnesses**

Sheila Burroughs
Current employee of Defendant
C/o Siobhan Sweeney
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110

Eric Montgomery
Current employee of Defendant
C/o Siobhan Sweeney
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110

Allison Hart
Current employee of Defendant
C/o Siobhan Sweeney
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110

Susan Haloulos
Current employee of Defendant
C/o Siobhan Sweeney
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110

Tim Megyesy
Current employee of Defendant
C/o Siobhan Sweeney
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110

Elizabeth Janak
Current employee of Defendant
C/o Siobhan Sweeney
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110

Kathryn Little
Current employee of Defendant
C/o Siobhan Sweeney
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110

Daniel Dupre
Current employee of Defendant
C/o Siobhan Sweeney
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110

Erik Fine
Current employee of Defendant
C/o Siobhan Sweeney
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110

Vipin Mayar
New York, New York

Alec Kotopoulos
Marlborough, MA

Other Fact Witnesses:

[To be inserted]

Expert Witnesses:

[To be inserted].

Defendant reserves the right to amend and supplement this list of witnesses. Defendant reserves the right to call any witness listed by Plaintiff.

**11.     Proposed exhibits—Not Agreed To**

Not Yet Evaluated for Potential Objections

1. Bank of America Applicant Acknowledgment Form for Steven Kincaid dated 6/27/02

2. 7/22/02 job offer letter from Bank of America to Steven Kincaid

3. 10/4/02 Nomination of Steven Kincaid by Susan Haloulos for recognition

4. 11/6/02 e-mail from Erik Fine to Vipin Mayar

5. 4/3/03 e-mail from Alan Church to Steven Kincaid

6. Pages regarding posting of new position applied for and ultimately obtained by Allison Hart

7. April 2003 Performance Plan & Evaluation Form for Steven Kincaid for review period QI 2003

8. April 2003 memorandum entitled "Overall Rating: Needs Improvement/Does Not Meet Expectations"

9. 4/16/04 [actually 4/16/03] Associate Counseling memorandum regarding Steven Kincaid

10. Performance management memorandum regarding Steven Kincaid opened 4/8/03, closed 7/8/03

11. 4/25/03 letter from Deborah Martin Norcross to J. Steele Alphin regarding Steven Kincaid

12. 4/30/03 letter from Eric Montgomery to Deborah Martin Norcross regarding Steven Kincaid

13. 5/20/03 letter from Deborah Martin Norcross to Eric Montgomery regarding Steven Kincaid

14. 6/12/03 e-mail from Allison Hart to team (including Steven Kincaid) regarding her new position

15. Pages regarding posting of new position applied for and ultimately obtained by Sheila Burroughs

16. 7/22/03 letter from Martha W. Moore to Deborah Martin Norcross regarding Steven Kincaid

17. 8/18/03 e-mail from Elizabeth Janak to Alec Kotopoulos and 8/18/03 responding e-mail from Alec Kotopoulos to Elizabeth Janak

18. Personnel file for Alec Kotopoulos

19. 6/3/04 letter from Vicki Rowan to Eric Montgomery regarding Emil Becker

20. Sexual Harassment and Discrimination Policy for Bank of America

Defendant reserves the right to review this list and to object to any documents and to propose other documents not included herein.

| | |
|---|---|
| Steven R. Kincaid | Bank of America Corp. |
| Plaintiff | Defendant |
| By his attorneys | By its attorneys |

| | |
|---|---|
| David J. Fine  (BBO No. 165120) | Siobhan Sweeney (BBO No. 562118) |
| Law Offices of David J. Fine | Edwards & Angell, LLP |

Three Center Plaza, Suite 400  
Boston, MA  02108  
(617) 720-2941  

101 Federal Street  
Boston, MA  02110  
(617) 439-4444  

Mark Pogue  
Edwards & Angell, LLP  
2800 Financial Plaza  
Providence, RI  02903  
(401) 274-9200  

13