UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEVEN R. KINCAID,

        Plaintiff,        )

        v                )      Civil Action No. 04-11522-WGY

                        )

BANK OF AMERICA
CORPORATION,

        Defendant

### MR. KINCAID'S OBJECTION AND RESPONSE TO THE BANK'S PURPORTED "CONCISE STATEMENT" OF "MATERIAL FACTS" PURSUANT TO LOCAL RULE 56.1

#### Mr. Kincaid's Objection to the Bank's Statement

Local Rule 56.1 provides that motions for summary judgment "shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried" (emphasis added).  It is Mr. Kincaid's understanding that this District adopted the foregoing rule to encourage a moving party to zero in on the heart of the factual basis for the party's motion and thereby to simplify both the opposing party's task in responding to the motion, and the Court's task in adjudicating the motion.

The entire purpose of Local Rule 56   is defeated, however, if a moving party does not submit a "concise statement" of "material facts" but instead does what the defendant Bank has done here -- namely, submit a long and rambling statement that submerges a few material facts in a sea of non-material verbiage.

Mr. Kincaid maintains that because the Bank has submitted such a "Statement," in violation of the letter and spirit of Rule 56.1, it would simply be a waste of the Court's time and of his own time to respond to the Bank's Statement paragraph-by-paragraph. Mr. Kincaid believes it makes much more sense to organize the paragraphs of the Bank's Statement into a few groups, and to respond to these groups as follows.

### Mr. Kincaid's Response to the Bank's Statement

1    Most of the paragraphs in the Bank's Statement address Mr. Kincaid's hiring by the Bank, Mr. Kincaid's job performance, and Sheila Burroughs' alleged perceptions of alleged deficiencies in Mr. Kincaid's job performance. Indeed, paragraphs through 37, 43-45 and 48 all fall into this category. Mr. Kincaid's response to these paragraphs is that while they contain a few true facts, they mostly consist of: (a) false statements; (b) misleading generalizations; (c) unverifiable statements about Ms. Burroughs' alleged state of mind; and (d) matters that are not material to the issues raised by the Bank's motion.

As Mr. Kincaid sees it, the truly material facts are the facts discussed in sections I and II of his accompanying Memorandum These facts include, without limitation: (1 that Ms. Burroughs rated Mr. Kincaid's performance as "solid" at the end of 2002; (2) that Ms. Burroughs did not put into writing even so much as a single item of negative feedback regarding Mr. Kincaid's performance, until April 2003; (3) that the negative things Ms. Burroughs did put into writing in April 2003 were extraordinarily vague and unspecific, precisely the kind of things one would expect if a supervisor were trying to concoct a basis for termination where no legitimate basis existed. These facts also

2

include what Mr. Kincaid testified to at pages 54-75 and 101-103 of his deposition (see Fine Aff. Ex. 19).

2.    Several of the paragraphs in the Bank's Statement purport to describe the basis for Mr. Kincaid's claims of discrimination and retaliation. Paragraphs 46-47 and 62-65 fall into this category. The Bank's characterization of the basis for Mr. Kincaid's claims is inaccurate, misleading and incomplete. For a better description, see Mr Kincaid's Memorandum submitted herewith.

3.    The Bank has included paragraphs 51-61 in its Statement in an apparent effort to support its claim that Ms. Burroughs and Mr. Kotopoulos did not know of attorney Norcross's April 25 and May 20, 2003 letters. As demonstrated in section III of Mr. Kincaid's accompanying Memorandum, however, Mr. Kincaid's evidence -- including Counsel Montgomery's deposition testimony -- is still sufficient to make Mr. Kincaid's retaliation claim trialworthy.

4.    In paragraphs 66-69 of the Bank's Statement, the Bank seeks to support its claim of untimeliness. Section III of Mr. Kincaid's accompanying Memorandum however, demonstrates that these paragraphs are insufficient to sustain the Bank's claim

Dated: November 28, 2005

Respectfully submitted,

David J. Fine, BBO #165120
Law Offices of David J. Fine
3 Center Plaza, Suite 400
Boston, MA 02108-2003
(617) 720-2941

Attorney for Plaintiff

3

<u>Certificate of Service</u>

I hereby certify that I have this day served the foregoing by causing true copies thereof to be transmitted electronically and mailed, first class postage prepaid, to Siobhan M. Sweeney, Esq., Edwards & Angell, LLP, 101 Federal Street, Boston, Massachusetts 02110 and Mark A. Pogue, Esq., Edwards & Angell, LLP, 2800 Financial Plaza, Providence, Rhode Island, 02903, attorneys for defendant.

Dated: November 28, 2005

David J. Fine