**EXHIBIT 14**

 

# MASON, GRIFFIN & PIERSON
A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

101 POOR FARM ROAD
P.O. BOX 391
PRINCETON, NEW JERSEY 08542

TELEPHONE: (609) 921-6543
FACSIMILE:   (609) 683-7978

mgp@mgplaw.com
www.mgplaw.com

RALPH S. MASON (1913-1988)
GORDON D. GRIFFIN
KESTER R. PIERSON
EDWIN W. SCHMIERER
CRAIG H. DAVIS (1947-1997)
KRISTINA P. HADINGER
DONALD B. VEIX, JR.†
CHARLES F. HARRIS
EDMOND M. KONIN*•
VALERIE L. HOWE•
SHAWN M. NEUFELD†
CARLEEN M. STEWARD
GEORGIA M. FRASER†
TRISHKA WATERBURY†
LISA M. RANDAZZESE†
ALLISON S. ZANGRILLI*
RAYMOND M. KANG†
PETER P. PERLA•

OF COUNSEL

WILLIAM P. DENI
32 Church Street
Flemington, NJ 08822

Telephone: (908) 782-2900
Facsimile: (908) 782-2428
E-mail: denilaw@erols.com

DEBORAH MARTIN NORCROSS*†
Princeton Office

ALSO ADMITTED IN:
†PA    •NY
*FL    •VA

*Direct Dial: (609) 436-1230*
*E-mail: dmnorcross@mgplaw.com*

April 25, 2003

**By Federal Express**
J. Steele Alphin
Corporate Personnel Executive
Bank of America
201 North Tryon
Charlotte, NC 28255

Re:   *Steven Kincaid*

Dear Mr. Alphin:

Mr. Steven Kincaid has retained our firm to represent him in relation to his employment with Bank of America. Mr. Kincaid has reason to believe that the Bank and his immediate superior, Sheila Burroughs, have undertaken to eliminate older highly paid employees, and Mr. Kincaid in particular. In an effort to mask its true objectives and to avoid its severance and other economic obligations, the Bank has begun creating fictitious reputation-damaging records of performance deficiencies. Mr. Kincaid does not wish to allow Bank of America to further damage his reputation in this manner. Before taking more formal action, he wishes to give you the opportunity to work out a mutually advantageous resolution.

KI-0014

The Bank recruited Mr. Kincaid in September 2001 to join its Charlotte, North Carolina staff as a Marketing Information Manager. At the time, Mr. Kincaid was living in the Boston, Massachusetts area. Relying on what the Bank told him about the long-term potential of joining Bank of America and other promises made to him, Mr. Kincaid sold his house and relocated.

Mr. Kincaid's first project, and a key task emphasized in recruiting, was to overhaul the manner in which the Bank conducted certain statistical analyses and to prepare a monograph explaining his methodology for the benefit of the Bank. He finished that project in January 2003.

As soon as Mr. Kinkaid completed the monograph, and the Bank having thereby obtained the benefit of his knowledge and expertise, Ms. Burroughs began harassing him and giving him conflicting instructions, ensuring that he would be unable to make any progress toward completing his 2003 Hoshin goals. Here are but a few examples of Ms. Burroughs having levied unwarranted criticism against Mr. Kincaid in her effort to create a false and defamatory record against him:

> Ms. Burroughs has criticized Mr. Kincaid for allegedly failing to demonstrate leadership skills and not demonstrating an ability to "work the organization." However, Ms. Burroughs delayed release of Mr. Kincaid's key project, the customer satisfaction standards, for <u>ten weeks</u> after its completion, thus preventing Mr. Kincaid from demonstrating leadership and consulting skills on the main project in which he was engaged.

> Under the Consulting/Influence category, Ms. Burroughs has characterized Mr. Kincaid as not showing "ability to lead the valuation topic" and as not getting along well with others. Ms. Burroughs fails to note, however, that she specifically ordered Mr. Kincaid NOT to attempt to lead the valuation work. Moreover, Mr. Kincaid has had disagreement with one co-worker, a disagreement the two have resolved and who now enjoy a fine working relationship.

> Ms. Burroughs has described Mr. Kincaid as failing to exhibit and communicate "strategic thinking". Again, she fails to note the many occasions when Mr. Kincaid has suggested innovative approaches to matters relating to, for example, scales in measurement and customer satisfaction surveys, only to have his suggestions ignored or rejected out-of-hand by Ms. Burroughs.

> Ms. Burroughs has criticized Mr. Kincaid for his allegedly unsatisfactory performance in executing projects from completion to end without assistance. What she does not acknowledge, however, is that she has interfered with Mr. Kincaid's efforts. For example, Ms. Burroughs discouraged Mr. Kincaid from expanding the circle of financial people

 

>involved in the Loyalty project, saying she wished to identify alternative financial personnel. She then failed to follow through at all, leaving the project hanging.

Again, these are but a few examples of the manner in which Mr. Kincaid is being mistreated.

    Mr. Kincaid is aware of the manner in which Bank of America previously has effectuated reductions in its workforce through tactics such as what it now appears to be applying to Mr. Kincaid. Mr. Kincaid is not willing to permit his professional reputation to be tarnished further while waiting for the ax that has fallen on so many of his co-workers.

    Mr. Kincaid has authorized us to discuss with you or your counsel how this situation may be resolved. It seems clear that Bank of America no longer wishes to engage Mr. Kincaid and is doing everything possible to cause him to leave. Mr. Kincaid is willing to consider that alternative, provided we can agree to a satisfactory arrangement that will provide him with an appropriate severance package, protect him from any further damage to his reputation, and ensure that all harassment of him stops immediately.

    Once you have had the opportunity to review the contents of this letter, please contact me to discuss Mr. Kincaid's situation. In the interim, I am sure I do not have to remind you about state and federal laws protecting employees from unlawful discrimination and retaliation.

    Thank you for your time. I look forward to hearing from you.

    Very truly yours,

    **MASON, GRIFFIN & PIERSON, P.C.**

    Deborah Martin Norcross

DMN:ld

KI-0016