**EXHIBIT 18**

**Bank of America.**

Bank of America
Personnel Center
NC1-021-02-02
401 North Tyon Street
Charlotte, NC 28255

Tel   800.556.6044
Fax   704.388.0254

September 8, 2003

Equal Employment Opportunity Commission
Charlotte District Office
Attn: Ms. Gloria Barnett, Enforcement Manager
129 W. Trade Street
Suite 400
Charlotte, NC   28202

Subject:   Steven Kincaid
           EEOC Chg. No. 140-2003-05093

Dear MS. Barnett:

This letter responds to the Charge of Discrimination filed by Steven Kincaid alleging discrimination based on age and retaliation. The information provided by Bank of America, N.A. ("Bank") in response to this Charge is solely for the use of the Equal Employment Opportunity Commission and the North Carolina Department of Labor – Office of Administrative Hearings in its attempt to resolve this matter. It is subject to the confidentiality provisions of Section 706(b) of Title VII and any other comparable state law provisions and should not be disclosed to anyone other than the charging party. By providing this information, the Bank does not waive its right to challenge the jurisdiction of the Equal Employment Opportunity Commission or the North Carolina Department of Labor – Office of Administrative Hearings over the matters raised by this charge nor waive its right to assert all applicable defenses.

## STATEMENT OF POSITION

Mr. Kincaid's allegation that his employment was terminated because of his age and in retaliation for filing a complaint against management is absolutely false. The facts will show that Mr. Kincaid received coaching and counseling on his performance as a Market Information Manager and when he failed to improve his performance, management made the legitimate and non-discriminatory business decision to terminate his employment.

**Company Background**

The Bank is headquartered in Charlotte, North Carolina. Through its subsidiaries and affiliates it operates in the banking and financial services industry, with more than 140,000 employees worldwide, and has a well communicated, stated policy against harassment, retaliation and discrimination. That commitment to an environment free from discrimination, retaliation and harassment has earned it a place as one of the country's foremost diverse workforce leaders. **Exhibit I** includes a copy of the Bank's Sexual Harassment & Discrimination Policy.


USA
2000-2004
US Olympic Teams

Recycled Paper

BofA-0036

S. Kincaid
Chg. No. 140-2003-05093

## Background and Relevant Facts

Mr. Kincaid began his employment with the Bank on August 20, 2002 as a Market Information Manager reporting to Ms. Sheila Burroughs - Senior Vice President, Market Information Manager in Charlotte, NC. Mr. Kincaid was hired as a highly compensated professional for the purpose of providing strategic and consultative leadership in support of the Bank's efforts to analyze and improve customer satisfaction across the company. It is important to understand that Ms. Burroughs interviewed Mr. Kincaid and ultimately made the decision to offer him the Market Information Manager position on her team. In addition to a substantial salary, Mr. Kincaid was offered a signing bonus and relocation assistance, the offer of which is certainly not consistent with the notion that the Bank would hire Mr. Kincaid only to then use his age as a factor in its decision to terminate his employment. It is equally important to remember that Mr. Kincaid was over the age of 50 when he officially accepted the position offered him by Ms. Burroughs, and that this is the same Ms. Burroughs about whom he now complains used age as the basis for her decision to terminate his employment.

Ms. Burroughs offered Mr. Kincaid the position on her team because of his significant industry experience. He was expected to use his substantial experience to influence and provide leadership around how the company collects, measures and monitors customer satisfaction data and for recommending strategies to improve these processes. Before she offered Mr. Kincaid the position on her team, Ms. Burroughs' advised him of the responsibilities and expectations required of the position.

As she did with the other associates on her team, Ms. Burroughs meet with Mr. Kincaid on numerous occasions to provide coaching and feedback on his work and performance. Ms. Burroughs routinely held weekly one-on-one meetings with them members of her team in addition to bi-weekly team meetings. Mr. Kincaid was provided with a first-quarter performance review in which Ms. Burroughs documented that his performance was not meeting the expectations of his position. The measures by which his performance was evaluated were actually created in 2002 with input from Mr. Kincaid. See **Exhibit II** for a copy of this performance evaluation.

Despite his substantial level of experience, Mr. Kincaid failed to consistently deliver the leadership and consultative thinking required to be successful in his position. He failed to demonstrate that he understood where the Bank was relative to the work already in place around customer satisfaction and as a result was unable to suggest solutions that fit the current situation. He did not consistently demonstrate that he could navigate the Bank to identify critical business partners, build essential business relationships, and influence key managers and business partners. Mr. Kincaid demonstrated a passive approach in his attempts to secure feedback and approvals for his work and did not aggressively pursue what he needed to move his work forward. Finally, despite his experience he required repeated coaching from his manager in order to complete assignments and was removed from at least one key assignment when it was evident he was unable to provide the necessary leadership.

On April 16, 2003, Mr. Kincaid was placed on written warning (**Exhibit III**) for his failure to meet the expectations of his position, and he was advised in this written document that failure to meet expectations could lead to further disciplinary action to include termination of employment It is interesting to note, that Mr. Kincaid signed the written performance counseling and, despite

2

BofA-0037

S. Kincaid
Chg. No. 140-2003-05093

having the opportunity, he offered no rebuttal to the performance issues identified by his management.

Following the written counseling, Mr. Kincaid continued to receive coaching and feedback on his performance. While Mr. Kincaid had solid technical and project skills, he was unable to consistently demonstrate that he could provide the level of leadership necessary to take an assignment from inception to completion. Despite the repeated coaching's and feedback he received from Ms. Burroughs, Mr. Kincaid's performance did not improve and as a result, management made the legitimate and non-discriminatory business decision to terminate Mr. Kincaid's employment with the company.

In his charge of discrimination, Mr. Kincaid lists "by way of example only", allegations that management inappropriately held him accountable for work assignments and that Ms. Burroughs intentionally interfered with or delayed work for which he was responsible. As his allegations are not specific, it is impossible for the Bank to know specifically what Mr. Kincaid is referring to, however, Ms. Burroughs denies that she held Mr. Kincaid accountable for work that was not assigned to him or that she interfered with his ability to complete his projects. It is interesting to know that despite the numerous coaching and feedback sessions Ms. Burroughs had with Mr. Kincaid, he never complained to Ms. Burroughs' that she was in anyway impeding his progress on his assignments or that she was criticizing his performance on work that was not his. Mr. Kincaid, with his level of experience, should have been able to navigate the company, influence mangers and business partners, and demonstrate the leadership and drive necessary to ensure that his work product met the expectations of his management.

In addition to his allegation that management used his age as a factor in their decision to terminate his employment, Mr. Kincaid claims that his termination was also in retaliation for his having filed a grievance against his management. His allegation of retaliation simply has no merit since at the time management made the legitimate and non-discriminatory decision to terminate his employment they had no knowledge of Mr. Kincaid's complaint.

**Summary of Facts and Conclusion**

There is absolutely no evidence to show that the Bank discriminated against Mr. Kincaid because of his age or in retaliation for his filing a complaint when it decided to terminate his employment. Mr. Kincaid was given verbal and written coaching and feedback on his performance. He was placed on written performance counseling and given an opportunity to improve his performance. When his performance did not improve, management made the legitimate and non-discriminatory business decision to terminate his employment.

At no time was Mr. Kincaid's age or the complaint he filed a factor in management's decision. In fact, the evidence would suggest otherwise. First, Mr. Kincaid's manager at the time of his termination, Ms. Burroughs, was the same manager who made the decision to hire him. Second, Mr. Kincaid was over the age of 50 when he formally accepted Ms. Burroughs' offer of the Market Information Manager position on her team. Finally, his management was unaware of the complaint filed by Mr. Kincaid at the time of his termination from the Bank. Unfortunately, Mr. Kincaid fails to recognize that it was his failure to meet the expectations of his position that led the Bank to terminate his employment and that decision had absolutely nothing to do with his age or his filing of a grievance, or any other prohibited factors.

S. Kincaid
Chg. No. 140-2003-05093


In light of the above facts, we submit that Mr. Kincaid's allegations are without merit and respectfully request the charge be closed without further investigation. Should you have any questions, or require additional information, please feel free to call me.

Sincerely,

*Mark C. Noble* [signature]

Mark C. Noble
Vice President
Advice & Counsel Case Manager
(704) 387-9879
(704) 602-5836 – (fax)

BofA-0039    4