UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN R. KINCAID,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)　CA No. 04 CV 11522 WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS**

Defendant, Bank of America Corporation ("Bank" or "Defendant") hereby opposes Plaintiff's Motion for Sanctions Based on Bank's Unjustified Failure to Make Critical Fed.R.Civ.P. 26(a)(1) Disclosures, filed by plaintiff Steven Kincaid ("Kincaid" or "Plaintiff").

**INTRODUCTION**

Plaintiff seeks sanctions against Defendant for its failure to identify Alec Kotopoulos in its initial disclosures under Rule 26 on November 30, 2004, and for its failure to identify data in Defendant's Seibel notes for its personnel call center in its initial disclosures. Although Plaintiff was aware of Kotopoulos' role in his termination since May 9, 2005 through Defendant's interrogatory responses and has deposed Mr. Kotopoulos on two occasions for more a total of approximately 8 hours of testimony, he, most incredibly, now claims that he suffered unspecified prejudice as a result. For this, he seeks the most severe sanctions. More specifically, Plaintiff seeks an instruction to the jury of the Bank's failure to disclose; an order striking Kotopoulos' deposition testimony from the Bank's summary judgment papers; an order precluding the Bank from using the personnel call center data or Mr. Kotopoulos' testimony at trial; and an order for

1

payment of attorneys fees and expenses and a penalty payment by the Bank. Defendant opposes Plaintiff's motion on the grounds that he is unable to demonstrate any prejudice to him in this matter and the failure to disclosure was harmless and therefore sanctions are not warranted under Fed.R.Civ.P. 37 (c)(1).

## LEGAL ARGUMENT

**I.  The Initial Disclosure Requirements Of Rule 26(a)(1) Are Not Thwarted Where The Non-Disclosing Party Provided The Information To Plaintiff And Plaintiff Had Ample Opportunity To Conduct Discovery.**

Rule 26(a)(1) requires that parties disclose "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." Fed.R.Civ.P. 26(a)(1). Under Rule 26(e) "the parties are not required to supplement initial disclosures if the specific information has otherwise been made known to the other parties during the discovery process." Altman v. Benigno, 2005 WL 3435094 *3(C.D. Ill, December 14, 2005). See also Fed.R.Civ.P. 26(e)(1). The Advisory Committee Notes to the 1993 Amendment to Rule 26 (the "Notes (1993)") provide under Subdivision (e) explain what is meant by "otherwise been made known to the other parties during the discovery process," by example, "as when a witness not previously disclosed is identified during the taking of a deposition or when an expert during a deposition corrects information contained in an earlier report."

Sanctions for violation of Rule 26 are governed by the principles of Rule 37(c). The district court has broad discretion to determine whether the non-disclosing party's failure to comply with Rule 26 is justified or harmless under Rule 37(c). David v. Caterpillar, Inc., 324 F.3d 851 (7th Cir. 2003); Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998). In making these determinations, the Court should consider:

>  (1)  the prejudice or surprise to the party against whom the evidence is offered;

2

>   (2)   the ability of the party to cure the prejudice;
>   (3)   the likelihood of disruption to the trial; and
>   (4)   the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

David, 324 F.3d at 857; Newman v. GHS Osteopathic, Inc., Parkview Hospital Div., 60 F.3d 153, 156 (3d Cir. 1995) (citing Bronk v. Ineichen, 54 F.3e 425, 432 (7th Cir. 1995).

Keeping in mind that Rule 26(a)(1) is designed to avoid surprise or trial by ambush, American Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002), district courts have ruled that failure to comply with the mandate of Rule 26(a)(1) is harmless when there is no prejudice to the party entitled to the disclosure, J.S. McCarthy Co. v. Brausse Diecutting & Converting Equipment, Inc., 2005 WL 757596 * 4 (D.Me. March 8, 2005) (Failure to disclose and produce document within deadline set by court was harmless where the disclosure and production were made within sufficient time for receiving party to conduct discovery), or when there is an ability for the party to cure the prejudice. The Medical Center of Central Georgia, Inc. v. Denon Digital Employee Benefits Plan, 2005 WL 1073624 *7 (M.D.Ga. May 4, 2005)(Any harm from failure to disclose witnesses could be cured by opportunity to depose same and therefore Rule 37 motion to preclude trial testimony was denied). See also David v. Caterpillar, Inc., 324 F.3d 851 (7th Cir. 2003).

### A. Defendant's Failure Identify Kotopoulos In Its Disclosures Was Cured By Defendant's Identification of Him In Interrogatory Responses And Plaintiff's Thorough Deposition Of Him Over Two Separate Days.

The failure of Defendant to identify Kotopoulos specifically in its disclosures is both justified and harmless in light of the fact that as of May 9, 2005, weeks before any depositions were taken in this case, Defendant specifically identified Kotopoulos as someone who was believed to have knowledge of Plaintiff's work performance and who participated in the decision to terminate Plaintiff. Exhibit 1, excerpts of Defendant's Responses to Plaintiff's First Set of

3

Interrogatories ("Responses"). Far from leaving the Plaintiff guessing about who participated in the decision or hindering Plaintiff's access to an essential witness, Defendant identified Kotopoulos in response to Plaintiff's interrogatories and identified his role in Plaintiff's termination.

In his interrogatory number 1, Plaintiff asked Defendant to "IDENTIFY all persons who have any knowledge or information regarding plaintiff's work for defendant." Following its objections to the interrogatory, Defendant identified Alec Kotopoulos, among others, in response to the interrogatory. Exhibit 1. In addition, Plaintiff's interrogatory number 2, he asked Defendant to, "IDENTIFY each person who participated in the decision to terminate plaintiff's employment with defendant and, with regard to each such person, describe the role the person played in the decision." Exhibit 1. Again, following its objections, Defendant responded by identifying Kotopolous. Specifically, Defendant stated, "Mr. Kotopoulos met with and advised Ms. Burroughs regarding the decision to terminate Plaintiff." Exhibit 1.

This notice by interrogatory response provided Plaintiff with ample opportunity to discovery all facts and relevant information known to Kotopoulos as to any claims or defenses presented in this case. Plaintiff deposed Kotopoulos for almost eight hours over two separate days of deposition. Exhibit 2, Excerpts of Deposition of Alec Kotopoulos, June 2, 2005; and Exhibit 3, Excerpts of Deposition of Alec Kotopoulos, October 17, 2005. Further, Plaintiff was not delayed in any way in his ability to discover the knowledge possessed by Kotopoulos or in focusing his discovery efforts, as he issued his notice of Kotopoulos' deposition on the same first date he ever issued deposition notices in this case—May 25, 2005. Exhibit 4, Plaintiff's Notice of Deposition of Alec Kotopoulos.

4

Finally, Plaintiff was aware of Defendant's intention to "use" Kotopoulos as a trial witness as of the October 20, 2005 pretrial conference, and therefore could not be surprised by the references to Kotopoulos' deposition testimony in papers supporting Defendant's Motion for Summary Judgment.

Because Defendant's failure to identify Kotopoulos in its initial disclosures was justified and harmless in light of Plaintiff's notice of him through Defendant's Responses and because Plaintiff has had a full and fair opportunity to elicit testimony from Kotopoulos on any matters related to claims and defenses of any party in this case, Plaintiff's motion for sanctions should be denied.

**B.   Defendant's Failure To Identify The So-Called Performance Management Memorandum In Its Disclosures Was Justified And Harmless Because Defendant Produced It To Plaintiff During Discovery, Gave Plaintiff Notice Of The Intended Use During Discovery And Plaintiff Had Ample Opportunity To Take Additional Discovery Related To The Memorandum.**

As with the failure to identify Kotopoulos in its November 30, 2004 initial disclosures, Defendant's failure to identify the so-called Performance Management Memorandum ("Memorandum") in the same disclosures was justified and harmless because (1) Defendant produced the Memorandum in discovery, (2) put Plaintiff on notice of its intent to "use" the Memorandum by specific reference to it in Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories to Defendant in response to Plaintiff's request that Defendant "STATE THE BASIS for defendant's decision to terminate plaintiff's employment," and (3) Plaintiff had ample opportunity to conduct discovery related to the Memorandum.

5

Far from thwarting Plaintiff's discovery in this case, Defendant cured any arguable prejudice[1] to plaintiff resulting from its July 1, 2005 document production by assenting to Plaintiff's request to extend the discovery deadline in this case and by agreeing to produce Ms. Burroughs for additional deposition, and further agreeing to facilitate and coordinate additional depositions of Kotopoulos and Vipin Mayar, former employees of the Bank. Because Plaintiff has had an ample opportunity to conduct discovery related to the Memorandum and has questioned Burroughs and Kotopoulos on their knowledge of the Memorandum, he has suffered no harm to the discovery or presentation of his case.

### C. Plaintiff Has Offered No Evidence Of Bad Faith Or Willfulness On Defendant's Part And The Facts Demonstrate The Defendant Identified Kotopoulos And The Memorandum During Discovery And Provided Plaintiff With Every Opportunity to Engage In Discovery Related To Kotopoulos And The Memorandum.

Plaintiff cannot and has not offered any evidence of bad faith or willfulness on Defendant's part. There is no evidence of bad faith or a willful attempt by Defendant to "hide the truth," as alleged by Plaintiff. Contrary to Plaintiff's bold and unsupported assertion on this issue, Defendant has engaged in discovery in good faith. Plaintiff appears to suggest that any objection to his discovery requests must be in bad faith. As demonstrated by this Court's own orders related to discovery in this case, Defendant's discovery objections were part and parcel of the regular course of litigation and were upheld at times and denied at times.

### CONCLUSION

For the foregoing reasons, Defendant requests that Plaintiff's Motion for Sanctions be denied.

---

[1] Defendant specifically denies and disputes that there was any prejudice to Plaintiff during discovery in this case. However, to the extent that Plaintiff makes such argument, any potential prejudice was avoided.

6

BANK OF AMERICA CORPORATION,
Defendant
By its attorneys


　/s/ Siobhan Sweeney
Siobhan M. Sweeney
BBO No. 562118
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444
Facsimile: (617) 439-4170

Mark A. Pogue
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
Phone: 401.274.9200
Fax:    401.276.6611

DATE: January 6, 2006