UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
NO. 04 CV 11522 (JLT)

|  |  |
|---|---|
| STEVEN R. KINCAID,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant Bank of America Corporation, responds to Plaintiff's First Set of Interrogatories to Defendant as follows:

**1.    IDENTIFY all persons who have any knowledge or information regarding plaintiff's work for defendant.**

RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and oppressive. Subject to and without waiving the foregoing objection, the following people worked directly with Plaintiff and may have knowledge of Plaintiff's work for defendant:

    1.    Sheila K. Burroughs
           Market Information Manager
           IJL Building
           201 North Tryon Street
           Charlotte, North Carolina 28255

2. Susan Haloulos
Market Information Manager
Greenville Plaza
7 North Laurens Street
Greenville, South Carolina 29601

3. Allison Hart
Marketing Product Manager
IJL Building
201 North Tryon Street
Charlotte, North Carolina 28255

4. Alec Kotopolous
1707 Bardstown Road
Charlotte, North Carolina 28226

5. LeRoy Leiker
Market Information Manager
Bank of America Corporate Center
100 North Tryon Street
Charlotte, North Carolina 28255

6. Vipin Mayar
11840 Stephenson Place
Charlotte, North Carolina 28277

7. Rick McFarland
1219 S. Wendover Road
Charlotte, North Carolina 28211

As investigation of this matter is ongoing, Defendant reserves the right to supplement its response. Individuals listed may only be contacted through Defendant's counsel.

**2. IDENTIFY each person who participated in the decision to terminate plaintiff's employment with defendant and, with regard to each such person, describe the role the person played in the decision.**

RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous in that it fails to define "participated in the decision to terminate." Subject to and without

-2-

waiving the foregoing objections, the following individuals were directly involved in the decision to terminate Plaintiff:

<u>Sheila K. Burroughs</u>: Ms. Burroughs observed and documented Plaintiff's performance deficiencies and met with Plaintiff regarding the same. Ms. Burroughs also informed Plaintiff that he was being terminated.

<u>Alec Kotopolous</u>: Mr. Kotopolous met with and advised Ms. Burroughs regarding the decision to terminate Plaintiff.

As investigation of this matter is ongoing, Defendant reserves the right to supplement its response.

**3. IDENTIFY each person to whom the reasons for defendant's termination were communicated; state whether the communication was oral or in writing and (a) If in writing, IDENTIFY each document CONCERNING the communication, and (b) if oral, IDENTIFY the person who made the communication, state the date of the communication, and describe the substance of the communication.**

<u>RESPONSE</u>:

Defendant objects to this Interrogatory to the extent is seeks information regarding events stemming from Plaintiff's charge of discrimination and lawsuit and not to Plaintiff's termination itself. Such information is protected by the attorney-client and attorney work product privileges. Defendant further objects to this Interrogatory on the grounds that it is overly broad, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, the reasons for Plaintiff's termination were communicated orally by Sheila Burroughs to Plaintiff. See also Exhibit "A" attached to Defendant's Responses to Plaintiff's First Request for Production of Documents.