UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN R. KINCAID, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA )<br>CORPORATION, )<br>)<br>Defendant. ) | Civil Action No. 04-11522-WGY |

**DEFENDANT'S OPPOSITION TO PLIANTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant, Bank of America Corporation ("Bank" or "Defendant") hereby opposes the Motion to Compel Production of Documents Evidencing the Factual Basis and Reasons For Defendant's Decision to Ask Alec Kotopoulos to Resign (the "Motion"), filed by plaintiff Steven Kincaid ("Kincaid" or "Plaintiff"), on the grounds that (1) Plaintiff served his third request for production of documents without leave of court as required under the Local Rules, (2) Plaintiff served his request just two days prior to the close of all discovery in the case, and (3) Plaintiff's request is overly broad, not reasonably calculated to lead to the discovery of admissible or relevant evidence in this matter, is beyond the scope and limits of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, including without limitation Fed.R.Civ.P. 26(b) and Local Rule 26.1(A) and (C).

In further opposition to Plaintiff's Motion, Defendant states as follows:

## **STATEMENT OF FACTS**

1. Alec Kotopoulos is a former employee of Defendant. He is not a defendant in this case and at no time during the pendency of this lawsuit, which was filed July 7, 2004, has Alec Kotopoulos been employed by Bank of America. In fact, he resigned his employment with Defendant effective February 2004. Exhibit 1, Kotopoulos Dep. Vol. I, p. 4.

2. On March 16, 2005, Plaintiff served his first request for production of documents on Defendant. Such request does not refer to or request any documents relating to Alec Kotopoulos or his employment with Defendant. Exhibit 2, Plaintiff's First Request For Production of Documents.

3. As of May 9, 2005, Defendant disclosed to Plaintiff, by way of interrogatory responses, that Alec Kotopoulos was directly involved in the decision to terminate Plaintiff. Defendant included Alec Kotopoulos' home address in its response. Exhibit 3, Defendant's Responses to Plaintiff's First Interrogatories.

4. As of May 9, 2005, Defendant disclosed to Plaintiff, by way of interrogatory responses, that Alec Kotopoulos may have knowledge of Plaintiff's work for defendant. Again, Alec Kotopoulos was identified at his last known home address in the response. Id.

5. As of May 25, 2005, Plaintiff noticed the deposition of Alec Kotopoulos. Exhibit 4, Notice of Deposition of Alec Kotopoulos.

6. As of June 2, 2005, Plaintiff took the deposition of Alec Kotopoulos, lasting more than four hours. At his deposition, Alec Kotopoulos testified that he left the Defendant's employ in February 2004. Exhibit 1, Kotopoulos Dep. Vol I, pp. 4-6. He testified that he was offered a severance package and accepted that package. Id.

7. On August 1, 2005, almost two months after Plaintiff first took Kotopoulos' deposition and almost three months after Plaintiff was put on express notice that Kotopoulos was directly involved in the decision to terminate him, Plaintiff first requested any documents related to Kotopoulos' employment with Defendant in his Second Request to Defendant For Production of Documents ("Second Request"). Exhibit 5. Even then, the documents requested by Plaintiff were "Alec Kotopoulos' personnel file", Second Request No. 2, and "e-mails and other documents that discuss, describe, mention or refer to any charges, claims or complaints of discrimination, harassment or retaliation made by anyone at any time against any of the following: a. Alec Kotopoulos; . . . ." Exhibit 5, Second Request No. 4.

8. In response to Plaintiff's Second Request No. 2, Defendant objected but produced 23 pages of documents comprising Kotopoulos personnel file, as understood and as maintained by the Defendant.

9. In response to Plaintiff's Second Request No. 4, Defendant objected and Plaintiff then filed Plaintiff's Second Motion To Compel, dated October 12, 2005. This Court denied Plaintiff's Second Motion To Compel on October 14, 2005.

10. At no time has Plaintiff sought leave of court to file a third request for production of documents.

11. On October 17, 2005, Plaintiff again deposed Kotopoulos, this time for more than three hours. Kotopoulos was not represented by counsel at the deposition.

12. Kotopoulos does not know the reasons he was asked to resign from Bank of America and he has never asked Defendant the reasons. Exhibit 6, Kotopoulos Dep. Vol. II pp. 23-26.

13. Kotopoulos' own reference to the motivation for Defendant to ask him to resign being Erin McCarthy or some actions by the bank by other unnamed employee's is based purely on his

own speculation and he admits that no one told him that the decision had anything to do with Ms. McCarthy or any other human resources or personnel issues. Id. pp. 39-45.

14. Kotopoulos did not testify as to any temporal link between the alleged McCarthy memo and the events related to his own employment. Id. p. 45.

15. Kotopoulos did not offer any testimony linking the decision to ask him to resign to Plaintiff's claims or the facts or circumstances of Plaintiff's employment with Defendant.

## ARGUMENT

### I. Plaintiff's Motion To Compel Should Be Denied Because He Has Failed To Comply With Local Rule 26.1 (C).

Local Rule 26.1 (C) provides that, "[U]nless the judicial officer orders otherwise, the number of discovery events shall be limited for each side . . . to . . . two (2) separate sets of request for production. In this case, flouting this rule, Plaintiff served a third set of requests for production of documents on October 26, 2005. He has never offered any explanation for his failure to seek leave of court to serve his third set of requests. Instead of following the procedure required by the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff circumvents them and instead has sought to compel production of documents under an improperly served third request. Even in his memorandum filed with his motion to compel, he neither requests leave from this court, nor offers any explanation for his failure to seek this court's permission.

### II. Plaintiff's Motion to Compel Should Be Denied Because His Discovery Requests Were Untimely Served.

Plaintiff's Motion should be denied because he served it on October 26, 2005, just two days before discovery closed in this matter and just weeks before this case went on the Court's active trial list. The parties understood, pursuant to their obligations to confer under Rule 16,

that the discovery deadline, was the date by which discovery was to be completed. Fed.R.Civ.P. 16(b)(3). Plaintiff is aware of the procedures and mechanisms for filing motions with this Court. If he felt that he was legitimately entitled to continue to conduct discovery without Defendant's assent, beyond the discovery deadline of October 28, 2005, he should have, but did not, file an appropriate motion with this Court at that time, prior to serving the discovery. He did not and cannot explain his reasons for such failure.

### III.  Plaintiff's Motion Should Be Denied Because The Discovery Sought Is Overly Broad, Unduly Burdensome And Not Reasonably Calculated To Lead To The Discovery Of Admissible Evidence In This Case.

In this case about the termination of Plaintiff from Defendant in June 2003, Plaintiff now seeks information about the reasons for the alleged requested resignation of Plaintiff's supervisor's supervisor in February 2003, an event that Plaintiff does not and cannot tie to his own employment termination. The supervisor's supervisor, former employee of Defendant Alec Kotopoulos, was deposed by Plaintiff for almost 8 hours and could not state conclusively, let alone with any reference to anything other this his own speculation and "estimation," Exhibit 2, p. 39, that his requested resignation had any relationship to Erin McCarthy or the alleged memo in which she mentions him "maybe once or twice." Id., p. 41. In fact, he testified that he was never told the reason for the request that he resign and he never asked the reason. Id., pp. 25-26. Further, the alleged memo by Erin McCarthy has never been alleged to reference anything other than sex discrimination, a claim that Plaintiff does not make in his case.

This Court has already denied Plaintiff's motion to compel documents related to claims of discrimination against Alec Kotopoulos, other than claims of age discrimination. Plaintiff is unable to connect any claims of other types of discrimination against Defendant, or its employee's, in any manner that would be relevant to his claims of age discrimination before this

Court.

In addition, Plaintiff has already established that Kotopoulos does not know why he was asked to submit his resignation. Any additional discovery on this issue is not relevant or reasonably related to Plaintiff's claims of age discrimination and takes this case down a path far a field of Plaintiff's claims in this lawsuit.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion To Compel should be denied.

> BANK OF AMERICA CORPORATION,
> Defendant
> By its attorneys
>
>  /s/ Siobhan Sweeney
> Siobhan M. Sweeney
> BBO No. 562118
> Edwards & Angell, LLP
> 101 Federal Street
> Boston, MA 02110
> (617) 439-4444
> Facsimile: (617) 439-4170
>
> Mark A. Pogue
> Edwards & Angell, LLP
> 2800 Financial Plaza
> Providence, RI 02903
> Phone: 401.274.9200
> Fax:    401.276.6611

DATE: January 6, 2006