Mar 16 05 11:24a                                                                                          p.10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN R. KINCAID,

        Plaintiff,

v.                                                             Civil Action No. 04-11522-WGY

BANK OF AMERICA,

        Defendant.

PLAINTIFF'S FIRST REQUEST TO DEFENDANT
FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed.R.Civ.P. 34 and Local Rule 34.1, plaintiff hereby requests that defendant produce for inspection and copying the documents itemized below at the office of plaintiff's undersigned counsel within 30 days from the date of service of this request.

Definitions and Instructions

1.     In responding to this document request, defendant should be mindful of the definitions in Local Rule 26.5( C ), which definitions are incorporated by reference into this document request pursuant to Local Rule 26.5 (A). To help alert defendant to the applicability of these definitions, plaintiff is putting certain defined words into all capital letters.

2.  Defendant should be mindful that this document request imposes a duty to supplement defendant's responses in the future pursuant to Fed.R.Civ.P. 26(e).

### Itemization of Documents Requested

Plaintiff requests that defendant produce all documents in its possession, custody or control, or in the possession, custody or control of any persons acting at defendant's direction or on its behalf, within the scope of the following items.

1.  All insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action on any count of the Complaint, or to indemnify or reimburse for payments made to satisfy any such judgment. This request includes, without limitation, the insurance policies identified by defendant in its Rule 26(a)(1) Initial Disclosures dated November 30, 2004.

2.  Plaintiff's personnel file.

3.  Bank of America's Sexual Harassment and Discrimination Policy.

4.  Written Performance Counseling regarding plaintiff dated April 16, 2004.

5.  Plaintiff's Performance Plan and Evaluation Form for 2003.

6.  Plaintiff's employment offer letter dated July 22, 2002.

7.  Plaintiff's Applicant Acknowledgement Form dated June 27, 2002.

8.  All documents which discuss, describe, mention or refer to plaintiff.

9.  In his April 30, 2003 letter to plaintiff's then attorney Deborah Martin Norcross, defendant's Assistant General Counsel Eric A. Montgomery stated, in pertinent

part, "We are investigating the facts and circumstances of your client's claims and will respond to your letter shortly." Please produce all documents which discuss, describe, mention, refer to, or evidence: (a) any such investigating conducted prior to the writing of counsel Montgomery's letter; and (b) any such investigating done subsequent to the writing of counsel Montgomery's letter.

10. All documents which discuss, describe, mention or refer to defendant's decision to terminate plaintiff's employment.

11. All documents which discuss, describe, mention, refer to or evidence any COMMUNICATION in which defendant's decision to terminate plaintiff's employment was opposed, objected to or questioned in any way.

12. All documents which discuss, describe, mention or refer to defendant's hiring, promoting, or instructing (or defendant's decision, if any, not to hire, promote or instruct) another person or persons to take over, after defendant terminated plaintiff, any of the tasks, projects, duties or responsibilities that had been assigned to, or worked on, by plaintiff at any time during his employment by defendant.

13. The table of organization and/or hierarchy for defendant: (a) that was in effect as of August 20, 2002; (b) that was in effect as of June 13, 2003; (c) that is in effect as of the date defendant responds to this document request.

14. The table of organization and/or hierarchy for defendant's Customer Analysis Modeling & Research Department; (a) that was in effect as of August 20, 2002; (b) that was in effect as of June 13, 2003; and (c) that is in effect as of the date defendant responds to this document request.

3

15. All documents CONCERNING claims against defendant of improper harassment, discrimination or retaliation made by any Market Information Manager at any time from January 1, 2000 to the date defendant responds to this document request.

16. All documents CONCERNING claims against defendant of improper harassment, discrimination or retaliation made by any person formerly or currently employed in defendant's Customer Analysis Modeling & Research Department at any time from January 1, 2000 to the date defendant responds to this document request.

17. All documents CONCERNING claims against defendant of improper harassment, discrimination or retaliation made by any person who left the employ of defendant's Competitive Analysis unit at any time between October 1, 2002 and May 31, 2003.

18. All documents CONCERNING the cessation of employment by defendant, whether by termination or otherwise, of any person in the defendant's Competive Analysis unit at any time from October 1, 2002 through May 31, 2003.

19. All documents CONCERNING letters criticizing an employee's job performance and sent to the employee's home by defendant at any time from November 1, 2002 through December 31, 2002.

20. All documents CONCERNING practices, procedures and/or guidelines that were in effect at any time in April, May or June 2003 for the defendant's conduct of an internal investigation of an employee's claim of improper discrimination or harassment.

21. All documents CONCERNING defendant's e-mail and voicemail retention policies in effect at any time from August 20, 2002 to the date defendant responds to this document request.

22. All documents CONCERNING COMMUNICATIONS at any time from October 1, 2004 through December 31, 2004 between defendant, on the one hand, and Forbes Consulting or Tom Giacoponella, on the other hand.

23. All documents submitted by defendant to the EEOC that discuss, describe, mention or refer to plaintiff.

24. All documents CONCERNING human resources or corporate policies, practices, guidelines or regulations about job evaluation and/or review and/or dismissal of employees.

25. In the "Fourth Defense" asserted in its Answer, defendant claims that "All actions taken regarding the Plaintiff were taken, made and done in good faith." Please produce all documents upon which defendant relies to support this claim.

Dated: March 16, 2005

*David J. Fine* [signature]
David J. Fine, BBO No. 165120
Law Offices of David J. Fine
3 Center Plaza, Suite 400
Boston, MA 02108-2003
(617) 720-2941

Attorney for Plaintiff

## Certificate of Service

    I hereby certify that I have this day served the foregoing by causing true copies thereof to be telecopied and mailed, first class postage prepaid, to George P. Kostakos, Edwards & Angell, LLP, 2800 Financial Plaza, Providence, RI 02903, attorney for defendant.

Dated: March 16, 2005

_____
David J. Fine