UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
NO. 04 CV 11522 (JLT)

STEVEN R. KINCAID,

      Plaintiff,

vs.

BANK OF AMERICA CORPORATION,

      Defendant.

### DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant Bank of America Corporation, responds to Plaintiff's First Set of Interrogatories to Defendant as follows:

**1.   IDENTIFY all persons who have any knowledge or information regarding plaintiff's work for defendant.**

RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and oppressive. Subject to and without waiving the foregoing objection, the following people worked directly with Plaintiff and may have knowledge of Plaintiff's work for defendant:

    1.    Sheila K. Burroughs
           Market Information Manager
           IJL Building
           201 North Tryon Street
           Charlotte, North Carolina 28255

2. Susan Haloulos
Market Information Manager
Greenville Plaza
7 North Laurens Street
Greenville, South Carolina 29601

3. Allison Hart
Marketing Product Manager
IJL Building
201 North Tryon Street
Charlotte, North Carolina 28255

4. Alec Kotopolous
1707 Bardstown Road
Charlotte, North Carolina 28226

5. LeRoy Leiker
Market Information Manager
Bank of America Corporate Center
100 North Tryon Street
Charlotte, North Carolina 28255

6. Vipin Mayar
11840 Stephenson Place
Charlotte, North Carolina 28277

7. Rick McFarland
1219 S. Wendover Road
Charlotte, North Carolina 28211

As investigation of this matter is ongoing, Defendant reserves the right to supplement its response. Individuals listed may only be contacted through Defendant's counsel.

**2. IDENTIFY each person who participated in the decision to terminate plaintiff's employment with defendant and, with regard to each such person, describe the role the person played in the decision.**

RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous in that it fails to define "participated in the decision to terminate." Subject to and without

-2-

waiving the foregoing objections, the following individuals were directly involved in the decision to terminate Plaintiff:

<u>Sheila K. Burroughs</u>: Ms. Burroughs observed and documented Plaintiff's performance deficiencies and met with Plaintiff regarding the same. Ms. Burroughs also informed Plaintiff that he was being terminated.

<u>Alec Kotopolous</u>: Mr. Kotopolous met with and advised Ms. Burroughs regarding the decision to terminate Plaintiff.

As investigation of this matter is ongoing, Defendant reserves the right to supplement its response.

**3.    IDENTIFY each person to whom the reasons for defendant's termination were communicated; state whether the communication was oral or in writing and (a) If in writing, IDENTIFY each document CONCERNING the communication, and (b) if oral, IDENTIFY the person who made the communication, state the date of the communication, and describe the substance of the communication.**

RESPONSE:

Defendant objects to this Interrogatory to the extent is seeks information regarding events stemming from Plaintiff's charge of discrimination and lawsuit and not to Plaintiff's termination itself. Such information is protected by the attorney-client and attorney work product privileges. Defendant further objects to this Interrogatory on the grounds that it is overly broad, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, the reasons for Plaintiff's termination were communicated orally by Sheila Burroughs to Plaintiff. See also Exhibit "A" attached to Defendant's Responses to Plaintiff's First Request for Production of Documents.

-4-

As investigation of this matter is ongoing, Defendant reserves the right to supplement its response.

**4.   IDENTIFY each person who participated in the investigation of the claims made by plaintiff in the letter of plaintiff's counsel Deborah Martin Norcross to J. Steele Alphin dated April 25, 2003 and, with regard to each such person, describe the role played and the actions taken by the person during the course of the investigation.**

RESPONSE:

Defendants object this Interrogatory on the grounds that it is vague and overly broad. Subject to and without waiving the foregoing objections, although an investigation was planned in response to Norcross' letter, it had not begun prior to Plaintiff's termination. Information regarding subsequent investigation after Plaintiff's termination is protected from disclosure by the attorney client and work product privileges.

**5.   IDENTIFY each person whom defendant hired, promoted or instructed to take over, after defendant terminated plaintiff, any of the tasks, projects, duties or responsibilities that had been assigned to, or worked on, by plaintiff at any time during his employment by defendant and, with regard to each such person, state the person's date of birth and describe the person's background and experience. If any of these tasks, projects, duties or responsibilities that had been assigned to, or worked on, by plaintiff was not reassigned to another person after plaintiff's termination, explain, in each instance, why it was not so reassigned.**

RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, unreasonable, and not properly limited in scope. Defendant further objects that this Interrogatory is vague and ambiguous. Furthermore, this Interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant did not hire or promote anyone to assume the responsibilities of Plaintiff's former position. Defendant is unaware of any reassignment of projects Plaintiff was involved with prior to his

termination. However, Defendant will supplement its response if further information is forthcoming.

6. State the earliest date on which Sheila Burroughs made any COMMUNICATION criticizing or commenting adversely on plaintiff's job performance, describe the substance of the COMMUNICATION, IDENTIFY the person to whom the COMMUNICATION was made, and IDENTIFY each document CONCERNING the COMMUNICATION.

RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing objections, Defendant states that from the time Plaintiff started in his position, Ms. Burroughs met with Plaintiff on a weekly and sometimes daily basis to discuss his work assignments. During these meetings, Ms. Burroughs gave Plaintiff both positive and negative feedback, guidance, and suggestions on his work. Defendant cannot state with specificity the date or substance of the first such communication.

7. State whether Sheila Burroughs ever made any COMMUNICATIONS praising or commenting positively on plaintiff's job performance. If so, for each such COMMUNICATION, describe the substance of the COMMUNICATION, IDENTIFY to whom the COMMUNICATION was made, and IDENTIFY each document CONCERNING the COMMUNICATION.

RESPONSE:

See response to Interrogatory No. 6.

8. STATE THE BASIS for defendant's decision to terminate plaintiff's employment.

RESPONSE:

Plaintiff was terminated because he did not adequately perform the duties required by his position. Specifically, Plaintiff failed to meet Bank of America's legitimate expectations of exercising leadership and consultative thinking, building essential business relationships, and influencing key managers and business partners. Based on his performance deficiencies,

Plaintiff was given a written warning on or about April 16, 2004, that advised him that his failure to meet the Bank's expectations could lead to further disciplinary action that may include his termination. Despite repeated coaching sessions and feedback, Plaintiff failed to improve his performance and was terminated on June 13, 2003.

**9. State whether any inquiries have been made and/or any references sought regarding plaintiff and, if so, in each case, IDENTIFY who made the inquiry or sought the reference and who responded on behalf of defendant, describe the substance of the response made, and IDENTIFY each document CONCERNING the response.**

RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant has no record of any reference inquiries regarding Plaintiff.

**10. Describe in detail defendant's e-mail retention policy and voicemail retention policy. IDENTIFY each document CONCERNING each such policy. State whether any e-mails, voicemails or other documents that discuss, describe, mention or refer to plaintiff have been destroyed; IDENTIFY each such document; and state the date or approximate date the document was destroyed.**

RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Furthermore, this Interrogatory is not sufficiently limited in scope and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant's e-mail retention policy is attached to Defendant's Responses to Plaintiff's First Requests for Production of Documents as Exhibit "F." Although e-mails that referred to Plaintiff may have been destroyed in accordance with this policy, Defendant cannot possibly

know the date on which every e-mail and/or voicemail that referred to Plaintiff was erased.

Defendant does not have a voicemail retention policy.

    **11.    IDENTIFY each person employed by defendant as a Market Information Manager at any time from August 20, 2002 to June 13, 2003. For each such person, state: (a) the person's date of birth; (b) the date the person was first hired by defendant; (c) whether the person is still employed by defendant and, if not, the date the person ceased to be employed by defendant, and the circumstances of the person's cessation of employment, including, without limitation, whether the person was terminated; (d) the person's salary and whether the person's salary was ever increased and, if so, when it was increased and by how much; and (e) whether the person ever made a claim that the defendant improperly harassed, discriminated against or retaliated against the person and, if so, describe the substance of the claim and whether the defendant ever investigated the claim.**

RESPONSE:

    Defendant objects to this Interrogatory on the grounds that it is overly broad. Defendant further objects that this Interrogatory is not sufficiently limited in scope and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

    **12.    IDENTIFY each person employed by defendant in the Customer Analysis Modeling & Research Department at any time from August 20, 2002 to June 13, 2003. For each such person, state: (a) the person's date of birth; (b) the date the person was first hired by defendant; (c) whether the person is still employed by defendant and, if not, the date the person ceased to be employed by defendant, and the circumstances of the person's cessation of employment, including, without limitation, whether the person was terminated; (d) the person's salary and whether the person's salary was ever increased and, if so, when it was increased and by how much; and (e) whether the person ever made a claim that the defendant improperly harassed, discriminated against or retaliated against the person and, if so, describe the substance of the claim and whether the defendant ever investigated the claim.**

RESPONSE:

    Defendant objects to this Interrogatory on the grounds that it is overly broad. Defendant further objects that this Interrogatory is not sufficiently limited in scope and seeks

information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

13. IDENTIFY each person in the defendant's Competitive Analysis unit who ceased to be employed by defendant at any time between October 1, 2002 and May 31, 2003 by virtue of having been terminated by defendant or having left the company for any other reason. For each such person, state: (a) the person's date of birth; (b) the date the person left defendant's employment; (c) whether the person was terminated by defendant and, if so, the grounds for the termination; and (d) whether the person ever claimed that defendant had improperly harassed, discriminated against or retaliated against the person and, if so, describe the substance of the claim and whether defendant ever investigated the claim.

RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overly broad in that Plaintiff was not a member of a unit named "Competitive Analysis" at any time. Accordingly, this Interrogatory is not sufficiently limited in scope and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14. IDENTIFY each person who has made a charge and/or brought a lawsuit against defendant alleging age discrimination, harassment and/or retaliation at any time from January 1, 2000 to the date defendant answers theses interrogatories and, with regard to each such charge or lawsuit, describe the substance of the claim made and state the date and place of the alleged misconduct. Further, with regard to each such lawsuit, state the title of the case, the court where the case was filed, the case's docket number and the case's current status.

RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and oppressive. Defendant further objects that this Interrogatory is not sufficiently limited in scope and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15. State the total number of employees at the level of vice president or higher that defendant had in its employ as of the date plaintiff was hired by defendant in July 2002. IDENTIFY each such employee and state each such employee's date of birth and initial job title. Since the date plaintiff was hired to the date defendant

answers these interrogatories, IDENTIFY: (a) which of the foregoing employees has been terminated; (b) which of the foregoing employees is no longer employed by defendant for a reason other than termination, in each case stating such reason; (c) which of the foregoing employees has had their compensation increased, in each case describing the amount and nature of the increase; and (d) which of the foregoing employees has been promoted and, if promoted, identify the employee's new job title.

RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and oppressive. Defendant further objects that this Interrogatory is not sufficiently limited in scope and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16.    A. State the average age and median age of all employees employed by defendant respectively as of: (1) November 1, 2002; (2) December 31, 2002; (3) February 1, 2003; (4) March 31, 2003; (5) May 1, 2003; and (6) June 30, 2003.

B. State the average age and median age of all employees at the level of vice-president or above employed by defendant respectively as of each of the six dates enumerated in A. above.

C. IDENTIFY each person terminated by the defendant respectively in December 2002, March 2003 and June 2003. With respect to each such person, state the person's date of birth and the reason given by defendant for the person's termination.

RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and oppressive. Defendant further objects that this Interrogatory is not sufficiently limited in scope and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

This the _9th_ day of May 2005.

*[signature: Richard F. Kane]*

Richard F. Kane (admitted pro hac vice)
Steven T. Ackermann (admitted pro hac vice)
McGuireWoods LLP
Bank of America Corporate Center
100 North Tryon Street, Suite 2900
Charlotte, North Carolina 28210
Telephone:   (704)373-8999
Facsimile:    (704)373-8827

George P. Kostakos
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
Phone: 401.528.5864
Fax:    401.276.6611

**Attorneys for Bank of America, N.A.**

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

I, Sheila Burroughs, state and affirm under oath that I am a Senior Vice President at Bank of America Corporation, and that as such I have full authority on behalf of that corporation to make the statements set forth herein; that is, that I have read Defendant's Responses to Plaintiff's First Set of Interrogatories to Defendant served upon counsel for the Defendant in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding, and belief, the foregoing responses are true.

_____Sheila Burroughs_____(SEAL)

SWORN TO and subscribed before me this the 9th day of May, 2005.

OFFICIAL SEAL
Notary Public, North Carolina
County of Mecklenburg
SUSAN C. RICKELTON
My Commission Expires 2/16/07

My Commission expires: 2/16/07

[SEAL]

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "Defendant's Responses to Plaintiff's First Set of Interrogatories" has been served by first-class mail, postage prepaid, upon the attorneys for the Plaintiff at the address listed below:

> David J. Fine, Esq.
> Three Center Plaza, Suite 400
> Boston, Massachusetts 02108-2003

This the 9th day of May 2005.

*/s/ Richard F. Kane*