UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

STEVEN R. KINCAID,            )
                              )
        Plaintiff,            )
                              )
    v.                        )        Civil Action No. 04-11522-WGY
                              )
                              )
BANK OF AMERICA               )
CORPORATION,                  )
                              )
        Defendant.            )

---

PLAINTIFF'S MEMORANDUM ON RIGHT TO RECOVER UNDER
NORTH CAROLINA LAW FOR DISCHARGE ON ACCOUNT OF DISABILITY

In opposing the Bank's Motion for Summary Judgment, Mr. Kincaid highlighted, among other things, the June 11, 2003 entry in the Personnel Center's Performance Management Memorandum stating:

> . . . in the last week ee has been having back trouble and had been going home early. not feeling well. this morning mgr was concerned that ee might have disability thoughts. mgr. wants to term.
>
> BA 112; see Plaintiff's 11/28/05 Memorandum in Opposition to Defendant's Motion for Summary Judgment at 7-9.

During the December 14, 2005 hearing on the Bank's Summary Judgment Motion, Mr. Kincaid argued that, if the jury were persuaded that the Bank did indeed fire Mr. Kincaid out of concern that he was about to file a disability claim, Mr. Kincaid could recover under Count Three of his

Complaint -- the Count charging wrongful discharge in violation of North Carolina public policy On hearing this argument, the Court asked the parties to submit memoranda on this issue prior to trial.

In Count Three of Mr. Kincaid's Complaint, at paragraph 50, Mr. Kincaid alleges that the Bank's termination of his employment "violated public policy as set forth in the North Carolina Equal Employment Practices Act, Ch. 143, Secs. 143-422.1 through 143-422.3 of the North Carolina Statutes    ." Section 143-422.2 of the foregoing statute provides, in pertinent part,

> It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgment on account of race, religion, color, national origin, age, sex <u>or handicap</u> by employers which regularly employ 15 or more employees.

(emphasis added)

In <u>McCullough v. Branch Banking & Trust Co., Inc.</u>, 136 N.C. App. 340, 524 S.E.2d 569 (2000), the North Carolina Court of Appeals observed that the above-quoted Section 143-422.2 "does not define 'handicap'" and held that, as a result, it was "appropriate to consider other North Carolina statutes which relate to the same subject matter, although enacted at different times." 136 N.C.App. at 347, 524 S.E.2d at 574. Reasoning further, the Court of Appeals stated that the North Carolina Equal Employment Practices Act and the North Carolina Handicapped Persons Protection Act (N.C.G.S. § 168A-1 et seq.) "relate to the same subject matter, employment discrimination against handicapped persons, and, thus, must be construed together to ascertain legislative intent." 136 N.C. App. at 347-48, 524 S.E.2d at 574. In particular, the Court of Appeals ruled that, in applying the Equal Employment Practices Act to claims of handicap discrimination, one should use the definition of handicap contained in the Handicapped

Persons Protection Act.  The same principle was discussed and applied in <u>Simmons v. Chemol Corporation</u>, 137 N.C. App. 319, 322, 528 S.E.2d 368, 370 (2000)

Applying the foregoing principle here, it is plain that, in construing the word "handicap" as it appears in N.C.G.S. §143-422.2, one looks to the definition of "disability" in N.C.G.S §168A-3, the North Carolina Handicapped Persons Protection Act having been re-titled the North Carolina Persons with Disabilities Protection Act effective October 1, 1999, and having been amended such that "person with a disability" is generally substituted for "handicapped person" throughout the chapter.  See <u>Simmons v. Chemol Corporation</u>, <u>supra</u>, 137 N.C. App. at 322, 528 S.E.2d at 370.  "Person with a disability" is defined in N.C.G.S. § 168A-3 (7a) as meaning

> any person who (i) has a physical or mental impairment which substantially limits one or more major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment.

"Physical or mental impairment" and "Is regarded as having an impairment" are, in turn, defined in N.C.G.S. § 168A-3(7a) a. and d. respectively, as follows

> a. "Physical or mental impairment" means (i) any physiological disorder or abnormal condition, cosmetic disfigurement, or anatomical loss, caused by bodily injury, birth defect or illness, affecting one or more of the following body systems:  neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genitourinary; hemic and lymphatic; skin; and endocrine; or (ii) any mental disorder, such as mental retardation, organic brain syndrome, mental illness, specific learning disabilities, and other developmental disabilities, but (iii) excludes (A) sexual preferences; (B) active alcoholism or drug addiction or abuse; and (C) any disorder, condition or disfigurement which is temporary in nature leaving no residual impairment.

> \*     \*     \*

> d. "Is regarded as having an impairment" means (i) has a physical or mental impairment that does not substantially limit major life activities but that is treated

3

as constituting such a limitation; (ii) has a physical or mental impairment that substantially limits major life activities because of the attitudes of others; or (iii) has none of the impairments defined in paragraph a. of this subdivision but is treated as having such an impairment.

Under the foregoing definitions, firing Mr. Kincaid out of concern he was about to file a disability claim would be tantamount to discriminating against him as a "person with a disability" because it would be tantamount to discriminating on the basis of "regarding him" as a person with "an impairment."

Accordingly, the jury should be instructed that if it is persuaded that the Bank fired Mr Kincaid out of concern he was about to file a disability claim, the jury should find that Mr. Kincaid was wrongfully discharged in violation of the public policy of North Carolina.

Dated: January 11, 2006

Respectfully submitted,

/s/ David J. Fine
David J. Fine, BBO #165120
Law Offices of David J. Fine
3 Center Plaza, Suite 400
Boston, MA 02108-2003
(617) 720-2941

Attorney for Plaintiff

4

## Certificate of Service

  I hereby certify that I have this day served the foregoing by causing true copies thereof to be transmitted electronically and mailed, first class postage prepaid, to Siobhan M. Sweeney, Esq., Edwards & Angell, LLP, 101 Federal Street, Boston, Massachusetts 02110 and Mark A. Pogue, Esq., Edwards & Angell, LLP, 2800 Financial Plaza, Providence, Rhode Island, 02903, attorneys for defendant.

Dated: January 11, 2006

                 _____
                 David J. Fine