UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEVEN R. KINCAID,

        Plaintiff,    )
                            )
                            )    Civil Action No. 04-11522-WGY

BANK OF AMERICA
CORPORATION,

        Defendant.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO UTILIZE PREVIOUSLY DISCLOSED TREATMENT NOTES AND TO QUESTION PLAINTIFF'S PSYCHIATRIST [SIC] REGARDING SUCH NOTES**

Stripped to its essentials, the Bank's Motion is a request that this Court approve, in advance of trial, the Bank's using certain therapy records of Mr. Kincaid's to propound an unspecified set of questions to the therapist -- clinical psychologist, Joseph A. Parisi, Ph.D. -- on the premise that Dr. Parisi will be appearing at trial as a trial witness. The Bank's Motion must be denied.

First, as the Bank well knows, Dr. Parisi is a resident of North Carolina who is, by virtue of that residence, beyond the Bank's power to subpoena as a trial witness. Accordingly, the only way Dr. Parisi will be appearing as a trial witness is if Dr. Parisi chooses to travel to

---

[1] Although the Bank entitles its Motion a "Motion for Leave to Utilize Previously Disclosed Treatment Notes <u>and</u> to Question Plaintiff's Psychiatrist Regarding Such Notes" (emphasis added), the only "utilization" of the "treatment notes" to which the Bank refers in the body of its Motion or in its supporting Memorandum is utilization "to question" Dr. Parisi at trial.

Massachusetts voluntarily. Mr. Kincaid has not himself designated Dr. Parisi as a trial witness, and the Bank has not provided to the Court in its motion papers any factual basis to believe that Dr. Parisi will, in fact, be leaving his therapy practice in Charlotte for a day or two to appear as a trial witness in Boston simply because the Bank wishes him to do so. Accordingly, the Bank's Motion should be denied because the Bank has done nothing to establish that the premise on which the Motion is predicated -- Dr. Parisi's appearance as a trial witness -- will actually occur.

Second, the Bank's Motion must be denied because the Bank has totally failed to spell out the questions for which the Bank is seeking the Court's advance approval. Mr. Kincaid is in no position to frame objections to questions, and the Court is in no position to rule on objections to questions, until Mr. Kincaid and the Court know what the questions actually are, and have a sense of the trial context in which the questions are being asked. If and when Dr. Parisi actually appears on the witness stand, and if and when the Bank actually articulates a specific question making use of Mr. Kincaid's therapy records, it will then, and only then, be ripe for Mr. Kincaid to object, if he wishes to object[2], and for the Court to rule on such an objection, if one is in fact made.

Third, given the fact that the theory behind the Bank's Motion is, as described above, so manifestly defective, it is evident that the true motivation behind the Bank's Motion is not a desire to get the relief actually requested in the Motion. The true motivation is to get a ruling that the Bank hopes (by characterizing it to Dr. Parisi as a Court order that he come to Boston to

---

[2] If and when the Bank does try to use the "therapy notes" at trial, Mr. Kincaid expects that he may well have substantial grounds for objecting to such use. These grounds may include, without limitation, the fact that the HIPAA Authorization pursuant to which the Bank obtained the notes, a HIPAA Authorization the Bank drafted, at a time when this case was on the running trial list for November 7, 2005, expired of its own terms on September 15, 2005. Nevertheless, it is entirely inappropriate for the Bank to seek an advance ruling now with regard to an objection Mr. Kincaid may never have any occasion at trial to make or even consider making.

testify) it will be able to use to overcome a failure to conduct an item of discovery that the Bank now apparently wishes it had conducted. That item of discovery was to take Dr. Parisi's deposition in Charlotte during the discovery period. To be sure, Mr. Kincaid might well have moved for a protective order against such a deposition. But if Mr. Kincaid had done so, the Court would have been in a position to rule on the motion in a proper context and, if the Court had denied the motion, the Bank would have been able to compel Dr. Parisi's attendance at a deposition in Charlotte through a deposition subpoena. The Bank did not, however, even seek to take Dr. Parisi's deposition during the discovery period, and, in its current Motion, the Bank has not begun to offer any justification or excuse for its having failed to do so. On the contrary, the Bank completely fails to acknowledge that its present Motion is entirely the product of its failure to pursue discovery that it clearly could have pursued.

The Bank's Motion must be denied.

Dated: January 18, 2006

Respectfully submitted,

_David J. Fine_
David J. Fine, BBO #165120
Law Offices of David J. Fine
3 Center Plaza, Suite 400
Boston, MA 02108-2003
(617) 720-2941

Attorney for Plaintiff

3

## Certificate of Service

      I hereby certify that I have this day served the foregoing by causing true copies thereof to be transmitted electronically and mailed, first class postage prepaid, to Siobhan M. Sweeney, Esq., Edwards & Angell, LLP, 101 Federal Street, Boston, Massachusetts 02110 and Mark A. Pogue, Esq., Edwards & Angell, LLP, 2800 Financial Plaza, Providence, Rhode Island, 02903, attorneys for defendant.

Dated: January 18, 2006

                                                    David J. Fine