UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
NO. 04 CV 11522 (WGY)

|  |  |
|---|---|
| STEVEN R. KINCAID, | ) |
| Plaintiff, | ) |
| vs. | ) |
| BANK OF AMERICA CORPORATION, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION IN LIMINE
TO PRECLUDE PLAINTIFF FROM ASSERTING A
CLAIM OF PUNITIVE OR COMPENSATORY DAMAGES**

Defendant Bank of America Corporation ("Bank of America" or "Defendant" or the "Bank") hereby moves in limine to preclude Plaintiff Steven R. Kincaid ("Plaintiff" or "Kincaid") from asserting a claim of punitive or compensatory damages. Existing statutory and case law contravene Plaintiff's claim that he is entitled to punitive and compensatory damages on his ADEA discrimination claim or his ADEA retaliation claim. As Plaintiff has no support for his claimed entitlement to punitive and compensatory damages, the Court should grant Defendant's motion in limine.

In support of its Motion, Defendant states as follows:

**I.   Punitive Damages are Not Available on ADEA Discrimination or Retaliation Claims**

Circuit courts are uniform in their determinations that punitive damages are not available in ADEA discrimination cases. Perrell v. Finance America Corp., 726 F.2d 654 (10th Cir.1984); Hill v. Spiegel, Inc., 708 F.2d 233 (6th Cir.1983); Pfeiffer v. Essex Wire Corp., 682 F.2d 684

(7th Cir.), cert. denied, 459 U.S. 1039, 103 S.Ct. 453, 74 L.Ed.2d 606 (1982); Fiedler v. Indianhead Truck Line, Inc., 670 F.2d 806 (8th Cir.1982); Naton v. Bank of California, 649 F.2d 691 (9th Cir.1981); Slatin v. Stanford Research Institute, 590 F.2d 1292 (4th Cir.1979); Vasquez v. Eastern Airlines, Inc., 579 F.2d 107 (1st Cir.1978); Dean v. American Security Ins. Co., 559 F.2d 1036 (5th Cir.1977), cert. denied, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); Rogers v. Exxon Research & Engineering Co., 550 F.2d 834 (3d Cir.1977), cert. denied, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978).  Courts reach the conclusion that punitive damages are unavailable in ADEA cases by examining the statutory language and legislative history of the ADEA, and reasoning as follows:  First, the ADEA is silent on the subject of punitive damages.  If Congress believed punitive damages were necessary to eliminate discrimination based on age, it would have specifically provided for their availability under the ADEA (as it did with other statutes such as the fair housing provisions of the Civil Rights Act of 1968). See e.g., Dean v. American Sec. Ins. Co., 559 F.2d 1036, 1039 (5th Cir. 1977) ("[t]he provisions for liquidated damages for willful violation of the Act and its silence as to punitive damages convinces us that the omission of any reference thereto was intentional.")   See id. Second, the imposition of punitive damages is inconsistent with the purpose of the ADEA as set forth in its legislative history.  See e.g., Pfeiffer v. Essex Wire Corp., 682 F.2d 684 (7th Cir. 1982).  The commentary of the Conference Committee Report on the 1978 Amendments to the ADEA specifically provides that "[t]he ADEA as amended by this Act does not provide remedies of a punitive nature."  H.R.Rep. No. 950, U.S.Code Cong. & Admin.News, 1978, p. 535.  Third, the availability of liquidated damages precludes a plaintiff from also recovering punitive damages.[1]  The ADEA's liquidated damages provision serves the same function that

---

[1] The ADEA authorizes "such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter…" 29 U.S.C. §626(b).  The statutory language containing this seemingly expansive remedial authority also

punitive damages would serve. Under the ADEA, liquidated damages are awarded only upon a showing that the discrimination was willful. It is unlikely that Congress would make both punitive damages and liquidated damages available to deter age discrimination. See e.g., Brown v. Stites Concrete, Inc., 994 F.2d 553 (9th Cir. 1993) In short, case law and courts' analyses are consistent in concluding that punitive damages are unavailable in ADEA discrimination claims.

The analysis does not change when considering an ADEA retaliation claim. **No court has ever held that a plaintiff may assert a claim for punitive damages for a claim of retaliation under the ADEA.** The two cases that directly address whether plaintiffs may obtain punitive damages on an ADEA retaliation claim both held that they could not. Shinwari v. Raytheon Aircraft Co., 16 F.Supp.2d 1308 (D.Kan. 1998) (former employee cannot recover punitive damages under his ADEA retaliation claim); Eggleston v. South Bend Community School Corp., 858 F.Supp. 841 (N.D.Ind., 1994) (same). In Shinwari, the Court referred to the principle that punitive damages are not recoverable under the ADEA. Similarly, in Eggleston v. South Bend Community School Corp., 858 F.Supp. 841 (N.D.Ind., 1994), the Court reasoned that Congress made it clear that punitive damages were not among the remedies available under the ADEA, notwithstanding the expansive language of the remedial section of the statute. The Court referred to the legislators' statement when the ADEA was amended in 1978 ("the ADEA as

---

provides for enforcement "in accordance with the powers, remedies, and procedures" of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq*.

As enacted in 1938, the FLSA established as remedies the statutory wages and overtime compensation plus "an additional equal amount as liquidated damages" plus attorneys' fees. 29 U.S.C. §216(b). Compensatory and punitive damages were unavailable. In 1977, Congress amended the remedial section by adding the following language:

> "Any employer who violates the provisions of section 15(a)(3) of this Act [29 U.S.C. §215(a)(3)] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 15(a)(3) including without limitation employment, reinstatement or promotion and the payment of wages lost and an additional equal amount as liquidated damages."

Pub.L. 95-151, 91 Stat. 1252 (1977).

Thus, the ADEA allows for doubling of back pay upon a finding of "willfulness."

amended by this act does not provide remedies of a punitive nature."), see id., at 856, as indicative of an express intent not to allow punitive damages under an ADEA retaliation claim. Thus, the two cases that directly address this issue support Defendant's position.

In support of his claim that he is entitled to punitive damages on his ADEA retaliation claim, Plaintiff relies exclusively on dicta in Moskowitz v. Trustees of Purdue University, 5 F.3d 279 (7th Cir. 1993), a case in which retaliation was not even before the court. In Moskowitz, the Seventh Circuit noted in dicta that the language of the ADEA was broad enough to include compensatory and punitive damages for plaintiffs that were victims of retaliation (as opposed to discrimination). The plaintiff in Moskowitz did not even assert an ADEA retaliation claim, and the Court's offhand observation cannot be properly considered precedent. At bottom, Plaintiff cannot point to any case in which a court has allowed a plaintiff to obtain punitive damages on an ADEA retaliation claim. The Court should therefore bar Plaintiff from asserting a claim for punitive damages for his discrimination or retaliation claim.

**II.     Compensatory Damages are Not Available on ADEA Discrimination or Retaliation Claims**

Compensatory damages are not available on ADEA discrimination claims. See e.g., Sanchez v. Puerto Rico Oil Co., 37 F.3d 712, 723 (1st Cir. 1994) (age discrimination action brought under local law differs from one brought under ADEA in that a plaintiff under ADEA may not recover for emotional distress); Vazquez v. Eastern Air Lines, Inc., 579 F.2d 107, 109 (1st Cir. 1978) (compensatory damages not permitted under the ADEA). Though the ADEA is silent on the issue of compensatory damages for pain and suffering, it incorporates the remedies of the FLSA, which do not provide for compensatory damages. See e.g., Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143 (2d Cir. 1984); 29 U.S.C. §§201 *et seq*. Since the ADEA provides its own liquidated damages provision in cases of willful violation, those damages, and

no others, are permitted.  See e.g., Powers v. Grinnell Corp., 915 F.2d 34, 39) (1st Cir. 1990) (Congress intended for liquidated damages under the ADEA to be compensatory in nature); Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 147 (2d Cir. 1984) (denying emotional distress and punitive damages on an ADEA discrimination claim, and holding that under accepted principles of statutory construction, the inclusion of a liquidated damages provision indicates that Congress did not intend for plaintiffs to recover compensatory damages under the ADEA).

With respect to the ADEA retaliation claims, there is no reason to deviate from the general rule that compensatory damages are not permitted.  There are two cases that directly address the availability of compensatory damages on a retaliation claim under the ADEA.  Shinwari, 16 F.Supp.2d 1308, held that a former employee cannot recover compensatory damages for pain and suffering.  The court in Eggleston, 858 F.Supp. at 841, however, relying on the Moskowitz dicta stating that an ADEA plaintiff could theoretically recover compensatory damages on a retaliation claim, held that a former employee *can* seek compensatory damages on an ADEA retaliation claim.[2]  Eggleston is the only case to hold that compensatory damages are available to an ADEA retaliation plaintiff, and is inconsistent with the First Circuit's position that Congress intended for liquidated damages under the ADEA to be compensatory in nature.  Given the fact that it is well-settled that compensatory damages are not available on ADEA discrimination claims, the FLSA specifically rejects compensatory damages awards, and the ADEA's liquidated damages provision already provides remedies for willful violation, the Court should not allow Plaintiff to assert a claim for compensatory damages under the ADEA in this matter.

---

[2] Although the Moskowitz court also stated that a plaintiff could theoretically recover compensatory damages on an ADEA retaliation claim, again, that language is merely dicta.

## CONCLUSION

For all of the foregoing reasons, the Court should grant Bank of America's motion in limine.

Respectfully submitted,

BANK OF AMERICA CORPORATION,
Defendant
By its attorneys


/s/ Siobhan M. Sweeney

Siobhan M. Sweeney
BBO No. 562118
Edwards Angell Palmer & Dodge LLP
101 Federal Street
Boston, MA  02110
Phone: 617.439.4444
Fax: 617.439.4170

Mark A. Pogue
Edwards Angell Palmer & Dodge
2800 Financial Plaza
Providence, RI 02903
Phone: 401.274.9200
Fax:    401.276.6625

Dated:  January 20, 2006

- 7 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "Motion in Limine of Defendant Bank of America Corporation" has been served via electronic mailing to:

>David J. Fine, Esq.
>Three Center Plaza, Suite 400
>Boston, Massachusetts 02108-2003

This the 20th day of January, 2006.

>/s/ Siobhan M. Sweeney
>Siobhan M. Sweeney