UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEVEN R. KINCAID, | ) ) ) | |
| Plaintiff, | ) ) | CA No. 04 CV 11522 WGY |
| vs. | ) ) | |
| BANK OF AMERICA CORPORATION, | ) ) | |
| Defendant. | ) ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE TO UTILIZE TREATMENT NOTES
AND TO QUESTION PLAINTIFF'S PSYCHIATRIST REGARDING SUCH NOTES**

In his opposition brief, Plaintiff fails to address the central question raised by the Bank's Motion: Whether Plaintiff has waived any objection to the use of the treatment notes (the "Notes"). Moreover, Plaintiff completely avoids discussing the Bank's showing that he cannot retroactively revoke his waiver as to the Notes.

Instead of addressing the merits of the issue, Plaintiff argues that the Bank's Motion should be denied "because the Bank has done nothing to establish that the premise on which the Motion is predicated -- Dr. Parisi's appearance as a trial witness -- will actually occur." Opp. At 2.

This argument is baseless. Dr. Parisi's attendance at the trial is not a "premise" or prerequisite to the use of the Notes. The Notes are not hearsay. See F.R.E. 803(4). As a result, they are admissible whether or not Dr. Parisi attends the trial. The Bank merely seeks assurance that, if Dr. Parisi does appear at trial, the Bank is free to question him about his Notes.

Plaintiff goes on to argue that the motion should be denied because, otherwise, the Bank will misrepresent to Dr. Parisi that this Court has "order[ed] that he come to Boston to testify." Opp. at 2-3.  Plaintiff's suggestion that the Bank would mischaracterize an Order of this Court is ridiculous and offensive.  Moreover, Plaintiff's statement misstates the objective of the instant Motion.  The Bank is not asking this Court somehow to order Dr. Parisi to come to Boston and testify.  Dr. Parisi's attendance at trial is the Bank's concern.  All the Bank seeks is a ruling that any claim of privilege regarding the Notes has been waived, with the result that the Notes may be used and Dr. Parisi can be questioned about them.

### Conclusion

For the foregoing reasons, the Bank's motion should be granted.

BANK OF AMERICA CORPORATION,
Defendant
By its attorneys,


/s/ Siobhan M. Sweeney
Siobhan Sweeney
BBO No. 562118
Mark Pogue
BBO No. 550807
EDWARDS ANGELL PALMER & DODGE, LLP
101 Federal Street
Boston, MA 02110
Phone:        617.439.4444
Fax:          617.439.4170

Dated:  January 20, 2006.