UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEVEN R. KINCAID, | ) ) ) | |
| Plaintiff, | ) ) | CA No. 04 CV 11522 WGY |
| vs. | ) ) | |
| BANK OF AMERICA CORPORATION, | ) ) | |
| Defendant. | ) ) | |

**MOTION TO STRIKE PLAINTIFF'S "EXPERT REPORT IN RESPONSE TO DR. WEISBERG'S EXPERT REPORT IN THE MATTER OF KINCAID V. BANK OF AMERICA"**

Defendant Bank of America Corporation (the "Bank") hereby moves to strike plaintiff's "Expert Report In Response To Dr. Weisberg's Report," written by Joel Wiesen, Ph.D. (the "Rebuttal Report") (attached as Exhibit A) and to preclude any testimony in connection with that report. As shown below, the Supplemental Report must be stricken because it is not permitted under the Scheduling Order in this case and, in any event, is untimely.

**Background**

This Court entered a Case Scheduling Order in this case on November 16, 2004. That Order established deadlines for the provision of expert reports by the plaintiff and by the defendant. The Order did not authorize either party to prepare or serve a rebuttal expert report.

Plaintiff served an expert report written by a statistician he retained, Joel Wiesen, Ph.D., in November 2005. On December 15, 2005, the Bank served a report written by its statistician, Herbert Weisberg, Ph.D. (the "Weisberg Report"). The Weisberg Report commented on and criticized the report by Dr. Wiesen.

On January 19, 2006 – 35 days after the Weisberg Report was served, and two business days before the trial of this matter is scheduled to begin -- the Plaintiff served the Rebuttal Report. The Rebuttal Report contains the results of many new studies and analyses performed by Dr. Wiesen that were not contained in his original report. Several of Dr. Wiesen's new studies were performed in response to criticisms contained in the Weisberg Report.

## Argument

For the reasons given below, this Court should strike the Rebuttal Report and preclude any testimony regarding it.

### A. The Rebuttal Report Is Improper Because The Case Scheduling Order Does Not Provide For Rebuttal Reports

The Rebuttal Report is improper because the Case Scheduling Order entered by this Court does not provide for or authorize the use of rebuttal expert reports in this case. Indeed, the Order does not even mention rebuttal reports.

It should be noted that the Rebuttal Report served by Plaintiff is not simply a "supplementation" within the meaning of F. R. Civ. P. 26(e). Rule 26(e) supplementations are intended to require updated disclosures if a party learns that information it has provided is incomplete or incorrect. Here, the Rebuttal Report does not update or correct information provided earlier. Instead, it contains brand-new studies and analyses that are nowhere contained in Dr. Wiesen's original report. For that reason, the Rebuttal Report cannot plausibly be characterized as a supplementation under Rule 26(e).

### B. Even If Rebuttal Expert Reports Were Authorized, Dr. Wiesen's Rebuttal Report Is Untimely

Even if the service of rebuttal expert reports had been permitted in this case, Dr. Wiesen's rebuttal report would have been due 30 days after the Bank served Dr. Weisberg's report. See F. R. Civ. P. 26(a)(C) (specifying that rebuttal expert reports are due "within 30 days

after the disclosure made by the other party.")  Since the Weisberg Report was served on December 15, 2005, any rebuttal report was due on January 14, 2006.

Dr. Wiesen's Rebuttal Report is obviously untimely.  It was served on January 19, 2006 – a full 35 days after the Weisberg Report was due.  To make matters worse, Plaintiff served his Rebuttal Report just two business days before the trial of this case is scheduled to begin.  The prejudice inflicted on the Bank as a result of this tactic is clear.  The Bank simply will not have time to review and analyze, let alone respond to, the new studies contained in the Rebuttal Report and served just two business days before the trial.

## Conclusion

For the foregoing reasons, the Court should strike the Rebuttal Report and preclude any testimony upon it.

BANK OF AMERICA CORPORATION,
Defendant
By its attorneys,

/s/ Siobhan M. Sweeney
Siobhan Sweeney
BBO No. 562118
Mark Pogue
BBO No. 550807
EDWARDS ANGELL PALMER & DODGE, LLP
101 Federal Street
Boston, MA 02110
Phone:	617.439.4444
Fax:	617.439.4170

Dated:  January 20, 2006.

- 4 -

## Local Rule 7.1(A) (2) Certification

    I certify that counsel for Bank of America attempted to confer with opposing counsel, by email on January 20, 2006, in a good faith attempt to resolve or narrow the issue presented by this motion.

                                       /s/ Siobhan M. Sweeney
                                       Siobhan M. Sweeney
                                       Mark A. Pogue